## MARSHALL FIELD
### v.
## LEVI Z. LEITER.

CONSTRUCTION OF CONTRACT.—Where defendant, who was about to build next to complainant's building, covenanted to strengthen the party wall and its foundations so far as might be necessary to secure the complainant's building from injury by additions to be placed on his own land (the east side). *Held*, that under the contract in this case defendant would have no right to invade complainant's premises and make additions on the west side, even although it might be impossible to adequately strengthen the wall without making additions on both sides.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding. Opinion filed January 6, 1886.

This was a bill in chancery, brought by Levi Z. Leiter against Marshall Field, to restrain the defendant from encroaching upon premises of the complainant, in constructing the foundations of a party wall between said premises and the adjoining premises of the defendant.

The bill alleges that some time prior to April 28, 1884, the complainant, being the owner of the west half of lot 3, block 96, School Section addition to Chicago, erected thereon a brick and stone building five stories high, fronting on Monroe street; that in erecting said building, the complainant, with the knowledge and consent of the Connecticut Mutual Life Insurance Company, the owner of the east half of said lot, constructed the east wall so that it stood partly on his own lot, and partly on the adjoining lot of said insurance company, said wall extending from Monroe street south along said division line one hundred feet; that after the erection of said wall, the defendant purchased the east half of said lot from said insurance company, having notice at the time that the complainant's wall rested partly thereon; that the defendant afterward advised the complainant that he desired to erect on his land a brick and stone building of great height, and desired to make arrangements for the use of the wall of the complainant's

building in the construction thereof, and also for the erection
of a wall to extend from the south end of the complainant's
wall to the south line of the lots; that after negotiation, a con-
tract between the complainant and defendant was agreed upon
and reduced to writing, as follows:

"This agreement, made this twenty-eighth day of April, A.
D. 1884, by and between Levi Z. Leiter, of the city of Chica-
go, county of Cook and State of Illinois, party of the first
part, and Marshall Field of the same place, party of the sec-
ond part, witnesseth.

"Whereas, said party of the first part is the owner of the
west half of lot three, in block ninety-six, in School Section
addition to Chicago;

"And whereas, said party of the second part is the owner
of the east half of said lot three;

"And whereas, said party of the first part has heretofore
erected upon said west half of said lot, a brick building, the
east wall of which, running back one hundred feet, more or
less, from the north line of said lot, stands partly upon the
east half and partly upon the west half of said lot;

"And whereas, said party of the second part is about to
erect upon the east half of said lot a brick and stone building
of about ten stories in height, and is desirous of using a part
of said wall of the building owned by said first party, in the
construction of his said building, and of erecting so much of
the west wall of his building as shall extend south of said east
wall, so that the center line thereof shall coincide with the
dividing line between the east and the west halves of said lot.

"Now, therefore, in consideration of the premises, it is
hereby covenanted and agreed between said parties, that the
said party of the second part, in constructing his said building
upon the east half of said lot three, may use for that purpose
as a party wall (with the right to add to the height thereof),
so much of the east wall of said Leiter's building as he may
desire, said party of the second part hereby agreeing to
strengthen said wall, and the foundations thereof, by making
such additions thereto upon the east side thereof as may be
required, to prevent any and all injury or damage to said

Field v. Leiter.

Leiter's building, by reason of the use of said wall by said Field.

"It is further agreed by said parties, that the said party of the second part may build and erect a party wall, the center of which shall be along the dividing line between the east half and the west half of said lot three, from the south end of the east wall of said Leiter's building to the south line of said lot, which said wall so to be built shall constitute and be a division or party wall between the properties hereinbefore described, and shall not in any portion be of less dimension and strength than the north portion of the existing party wall.

"And it is further agreed by and between the parties hereto, that the said party of the first part, his heirs and assigns, shall and may at all times after the construction of said party wall, to be built as aforesaid by said party of the second part, have full and free liberty and privilege of joining and using said party wall to be built as aforesaid by said Field, as well below as above the surface of the ground, and along the whole length thereof.

"Said party of the second part covenants and agrees that he will pay to said party of the first part one half the value of so much of the wall, heretofore constructed by him, as said party of the second part shall use at any time.

"And said party of the first part covenants and agrees that he will pay to said party of the second part one half the value of so much of said wall, to be constructed by said second party, as said first party shall use at any time; the value in each case to be estimated as of the date of the use of said walls by the parties respectively.

"And it is further agreed that said first party shall also have the right to use as a party wall any additional height which shall be added by said party of the second part to the east wall of said first party's building, and in such case said first party agrees to pay therefor to said second party such sum as shall be just and equitable. And in each and all cases where a payment shall become due from either party to the other, under the provisions of this contract, if said parties shall be unable to agree upon the amount to be paid, the amount shall

be determined as follows: Each of the parties hereto shall select an appraiser, and the two so selected shall choose a third appraiser, and the award of a majority of the three so selected shall be binding upon the parties hereto, and shall determine the amount to be paid in each case.

"It is further agreed between the parties in the case, that this agreement shall be construed as a covenant running with the land of the respective parties, and shall extend to and be binding upon the heirs, executors and assigns of the respective parties.

"In witness whereof, the parties hereto have hereunto set their hands and seals the day and year first above written.

"L. Z. LEITER,    [SEAL.]

"MARSHALL FIELD.   [SEAL.]"

The bill further alleges, in substance, that after the execution of said contract, the defendant commenced laying the foundations of his building; that in doing so his agents gained access to the complainant's building without his knowledge or consent, and while temporarily supporting the upper portions of said wall by screws and timbers, removed the foundation and a large part of the basement story wall, and excavated the earth on the complainant's premises to a great depth, extending into the complainant's basement about thirteen feet west from said wall, and covered the space so excavated with a thick foundation layer of cement, and covered such cement foundation with successive layers of railroad iron, extending many feet west from said wall, and nearly as far as said cement foundation, and erected thereon stone walls of ponderous mass and thickness, extending into said basement at least six feet at the surface of the ground, and sloping to a somewhat less width at the top of the basement; that the premises so appropriated by the defendant consisted of a large part of the basement of the complainant's building; that the complainant, on learning of the defendant's proceedings, notified him that he, said complainant, would not consent to or permit such invasion of his premises, and notified the defendant's agents to stop work and remove the stone and other materials placed thereon; that in consequence of such interference with said

Field v. Leiter.

premises, the complainant's tenants have refused to pay rent, or have paid it under protest; that the complainant has endeavored to come to an amicable arrangement with the defendant, but unsuccessfully, the defendant not being willing to recognize his rights; that the defendant's entry upon the complainant's premises constitutes a substantial and permanent appropriation of so much of the complainant's land to which the defendant has no right, and that the complainant has brought a suit in ejectment, against the defendant, to compel the restoration of said premises, which suit is still pending; that on complainant's demand, the work has been discontinued by the defendant, but the defendant proposes to proceed with the erection of his said building, not in accordance with said contract. The bill prays that the defendant be perpetually enjoined from entering or attempting to enter upon the complainant's premises for the purpose of proceeding with the construction of the work already commenced.

The defendant answered, and also filed a cross-bill, admitting the ownership of said lots, the erection of said building by the complainant, and the execution of said contract, as alleged in the bill, but denying that the defendant, when he purchased, had noticed that said wall was partly on his lot, and alleging that he first ascertained it afterward on having the lot surveyed. He further admits, that after the execution of said contract, he entered upon the erection of his building, and enlarging and strengthening of said wall, as he was advised was necessary to make it safe and proper to support his structure, and prevent injury to the complainant's building; that supports to said wall were placed under the wall and both sides thereof, as must necessarily be done to secure stability; that the entire support of said wall was planned and constructed in the usual and ordinary mode of supporting walls of such size in Chicago, and with more than ordinary effort and expense to avoid possible inconvenience to the complainant; that during the progress of the work the complainant or his agent was present and saw and inspected the same and made no objection and intimated no dissatisfaction; that the supports of said wall have been completed at great expense, except about twenty feet thereof.

The defendant claims, that his contract rights, and his rights as co-owner of the party wall, are ample for all entry and work which have occurred; that said contract was intended by both parties as a party wall agreement, and justified the complainant in making the foundations and structures complained of; that it is impracticable to construct the wall and foundation contemplated by the agreement by merely enlarging and strengthening said foundation on the east side of the wall, but that such supports must be placed on both sides of said wall, and that according to the true construction of said contract, said supports were to be so placed; and the defendant offers to remove the stone from the basement of the complainant's building, and increase the amount of iron under the basement floor, so as to confine all construction west of the dividing line of said premises, under the basement floor, so as not to interfere in the least with the complainant's occupancy of his said building.

The cross-bill prays that said complainant be enjoined from interfering with the construction of said wall, or with the wall when constructed, and from prosecuting his said ejectment suit.

The cause was heard on pleadings and proofs, and a decree entered dismissing the cross-bill and ordering a perpetual injunction in accordance with the prayer of the original bill. From this decree the defendant has appealed to this court.

Mr. MELVILLE W. FULLER and Messrs. WILLIAMS & THOMPSON, for appellant.

Messrs. ISHAM & LINCOLN, for appellee.

BAILEY, P. J. It appears, both from the pleadings and the proofs in this case, that the main controversy between the parties arises upon the proper construction to be given to the provisions of the contract of April 28, 1884. In the absence of any right or license voluntarily granted to him by the complainant, it is manifest that the defendant would be wholly without authority to extend any portion

of his building, either of the foundation or superstructure, beyond the line of his own lot. As no such right or license is claimed except as given by said contract, we must look to the contract alone for his authority to extend any portion of the substructure or foundation of his building on to the complainant's premises.

No question is made as to the defendant's right to extend the foundations of that portion of his wall running from the rear of the complainant's building to the south line of his lot, on to the complainant's lot, so far as may be reasonably necessary for the erection of the party wall contemplated by the contract, as such right seems to be expressly given by the terms of the contract. But is any right given to excavate beneath the complainant's building, and strengthen the wall already existing, by making additions to the foundations, and supports of the wall on the west as well as upon the east side? Such right, if it exists, is given by that part of the contract which, after a preamble reciting, among other things, that the defendant was about to erect on the east half of said lot three, a brick and stone building of about ten stories in height, and was desirous of using a part of the wall of the complainant's building in the construction of the defendant's said building, proceeds as follows :

" Now, therefore, in consideration of the premises, it is hereby covenanted and agreed between said parties, that the said party of the second part (the defendant), in constructing his said building upon the east half of said lot three, may use for that purpose as a party wall (with the right to add to the height thereof), so much of the east wall of said Leiter's building as he may desire, said party of the second part hereby agreeing to strengthen said wall and the foundations thereof, by making such additions thereto upon the east side thereof as may be required, to prevent any and all injury or damage to said Leiter's building, by reason of the use of said wall by said Field."

Here the defendant, in consideration of the privilege granted by the contract of using the wall of the complainant's building as a part of the wall of his proposed higher and more

massive building, covenants to strengthen the wall and its foundations, so far as may be necessary to secure the complainant's building from injury, by additions to be placed on the east side of the wall.

How the right to invade the complainant's premises and make additions to the wall or its foundations on the west side can be derived from such covenant we are at a loss to comprehend. It is the defendant's own covenant, and by it he agrees to adequately strengthen the wall and foundations by structures on his own land. His right to use the wall at all is conditioned upon his ability to give it the requisite strength in this manner and in this manner only. The language of the instrument seems altogether too plain to admit of controversy.

To reach a different result certain modes of interpretation are attempted, which seem to us to be forced and inadmissible. They are based upon the alleged impossibility of adequately and properly strengthening the foundations of the wall without making additions on both sides.

Without following out the argument attempted in its details, it seems to us that the plain and unambiguous language of the contract is inexorably against it. If the defendant has covenanted to do what is impossible, he can abandon the whole undertaking but he can not, by reason of such impossibility, substitute another and different undertaking. The doctrine of *cy pres*, sometimes applied to devises for charitable uses, or other doctrine of like character, has no place in the law relating to the interpretation of contracts.

The record, so far as we can see, fails to show any such acquiescence on the part of the complainant, either by himself or his agent, in the structures on his land commenced by the defendant, as should now estop him from seeking the relief sought by the bill.

The decree seems to be the only one warranted by the pleadings and evidence, and the decree will therefore be affirmed.

Decree affirmed.