PORTIA GAGE

*v.*

WILLIAM M. BAILEY *et al.*

*Filed at Ottawa November 13, 1886.*

1. CHANCERY—*right of complainant to dismiss his bill—before and after reversal.* Where no cross-bill has been filed in a suit in chancery, as a general rule a complainant may dismiss his bill at any time he may desire, before a final decree has been entered in the cause.

2. But if a decree which has been rendered according to the prayer of the bill, shall, upon error or appeal, be reversed upon the merits, and the cause remanded "for further proceedings not inconsistent with" the opinion filed, the trial court will have nothing to do but to dismiss the bill on the merits; and in such case it will be error to allow the complainant to dismiss his bill.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant.

Messrs. PECKHAM & BROWN, and Mr. JOHN P. ALTGELD, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by appellees, against appellant, Portia Gage, to set aside a tax deed under which she claims title to the premises in dispute, and to vacate and remove appellant's title as a cloud upon the title of appellees. Appellant put in an answer to the bill, in which she set up that the various steps required to be taken, by the Revenue law, in order to constitute a valid sale of land for non-payment of taxes, had been complied with and fully observed, and that the title to the property had passed by the tax deed under which she claimed. To the answer a replication was filed, and on the hearing, upon the pleadings and evidence, a decree was rendered, substantially as prayed for in the bill. The defendant prosecuted an appeal, and at the March term, 1882, of this court, the decree of the circuit court was reversed, and the cause remanded. (See *Gage* v. *Bailey,* 102 Ill. 11.) In June, 1883, the order of this court was filed in the circuit court, and on the ninth day of July, 1883, the cause was re-docketed. The complainants, then, under leave of the court, filed an amended bill, in which they alleged that appellant's tax title was defective on account of certain errors in the school tax, which formed a part of the taxes for which the premises were sold. No order was taken requiring the defendant to answer the amended bill, and no answer was ever filed. Indeed, no steps seem to have been taken in the cause until March, 1886, when, on motion of appellees, the bill was dismissed at complainants' costs. On the day this order was entered, the appellant appeared in court, and entered her motion to vacate the order of dismissal. This motion was heard and overruled. The appellant then prayed an appeal, which was granted. This appeal presents but one question, and that is, whether the circuit court erred in allowing the complainants to dismiss their bill.

Where no cross-bill has been filed, as a general rule a complainant may dismiss his bill at any time he may desire,

before a final decree has been entered in the cause. But we do not regard this as a case which will fall within the general rule referred to, or one to be governed by it. When the case was here before, several objections were urged against the validity of the tax sale under which appellant claimed title. These objections were taken up and considered by the court, and each and all were held to be without merit. The opinion of the court, after disposing of the objections to the tax title, concluded as follows: "The decree of the circuit court will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion." The opinion had disposed of the whole case made by the pleadings and the evidence, and when the remanding order should be filed in the circuit court, it would seem that nothing remained for the circuit court to do except to enter an order dismissing the bill. No other order or proceeding would be consistent with the opinion filed. If the order had been merely reversing and remanding, without any directions, doubtless the court might allow amendments to the pleadings, and might permit the introduction of other evidence. But such was not the character of the order. The opinion, as will appear from an examination of it, had settled every question involved in the case, and when the circuit court was directed to proceed not inconsistent with the opinion, no action could properly be taken except to enter a decree dismissing the complainants' bill for want of equity. The rule on this subject seems to be well stated in *Chickering* v. *Failes,* 29 Ill. 301, as follows: "Where the decree is affirmed in all its parts, the controversy is at an end. In such a case, the circuit court has no power to allow amendments of the pleadings, or to alter or change the decree. It can only proceed to have it enforced according to its terms and conditions. Where the decree is reversed, and the cause is remanded with specific directions, the court below has no discretion, but must pursue the mandate of the appellate court." Here the cause was remanded, with direc- ·

tion to proceed not inconsistent with the opinion, which had settled all questions in the case adverse to the complainants.

In *Hook* v. *Richeson*, 115 Ill. 431, the question arose in regard to the construction of a remanding order, where a cause had been remanded for further proceedings in conformity with the opinion, but the opinion contained a statement that the cause might be open to the parties to take further proof, if desired, as to a certain matter named. It was held, that the cause was not open for any other purpose, and the introduction of new matters by amendment and proof was not permissible. Here, no question was left open. Every question involved in the record had been settled and determined by the decision rendered in the cause, and a remanding order was made in order that the court might make a final disposition of the case, as indicated in the opinion.

*Wadhams* v. *Gay*, 83 Ill. 250, is a case which we regard in point. There, as here, the case was decided on the merits, and the decree reversed and the cause remanded. There the language of the remanding order is, "for further proceedings in conformity to the opinion." Here the terms of the order are, "for further proceedings not inconsistent with the opinion." In the *Wadhams case* we held that it was the duty of the circuit court, upon the remanding order being filed, to dismiss the bill for the want of equity. Should not the same rule prevail here? What difference is there between the two orders? If the court proceeds not inconsistent with the opinion, it proceeds in conformity, and proceeding in conformity to the opinion is not inconsistent to the opinion. The substance of the one is the same as the other, and we think the case cited is conclusive of the one under consideration. It was, therefore, the duty of the court, after the cause was re-docketed, to look into the opinion, and dismiss the bill for want of equity.

The judgment of the circuit court will be reversed, and the cause remanded, with directions to dismiss the bill for want of equity. *Judgment reversed.*