WILLIAM BUCK

v.

CYRUS L. BUCK.

*Filed at Ottawa November 13, 1886.*

PRACTICE—*after reversal and remandment—what further proceedings may be had.* Where this court in a chancery case finds for the defendants on the merits, and reverses the decree in favor of the complainant, and remands the cause for further proceedings in conformity with the opinion, this is equivalent to a reversal with direction to dismiss the bill. In such case the complainant will have no right to have the case heard again on the merits, or to file a supplemental or amended bill.

APPEAL from the Circuit Court of Warren county; the Hon. T. M. SHAW, Judge, presiding.

Mr. I. M. KIRKPATRICK, for the appellant:

The court below acted upon the idea that the whole matter was disposed of by this court, and that nothing was left but to dismiss the bill. We refer to the following cases: *West* v. *Reed,* 55 Ill. 242; 70 id. 479; *Carr* v. *Rising,* id. 596; *Hough* v. *Harvey,* 71 id. 72; *Blatchford* v. *Newberry,* 99 id. 11; *Wadhams* v. *Gay,* 73 id. 415; *Blatchford* v. *Newberry,* 100 id. 492.

Upon the point whether the court below should have allowed the supplemental bill to be filed, or allowed an amendment to the bill, we refer to the following authorities: *Chickering* v. *Failes,* 29 Ill. 284; *Shinn* v. *Shinn,* 15 Bradw. 145; 91 Ill. 477; *Carpenter* v. *Calvert,* 83 id. 62; 96 id. 63; *Elston* v. *Kennicott,* 52 id. 274; *Russell* v. *Epler,* 10 Bradw. 305; *Williams* v. *Walker,* 62 Ill. 518.

Messrs. STEWART & STEWART, for the appellee:

A party can not, on a subsequent appeal, assign for error any cause that accrued prior to the former decision of the

Supreme Court. *Ogden* v. *Larrabee*, 70 Ill. 510 ; *Newberry* v. *Blatchford*, 106 id. 584.

A second appeal in the same case, where the first decision covers the merits of the controversy in all its bearings, brings up only the subsequent proceedings had after the mandate of the court of last resort was sent down. *Newberry* v. *Blatchford*, 106 Ill. 584.

On a second appeal to the Supreme Court, presenting the same questions decided on the first appeal, the question of *res judicata* may be presented and considered without any formal plea. *Newberry* v. *Blatchford*, 106 Ill. 584.

In this case there was a single issue presented, and that was as to the validity of the will. The evidence was all that could be adduced as to the questions sought to be raised now, and the Supreme Court, with a full record before them, decided the question in favor of the will and defendant in error. *Atwood* v. *Buck*, 113 Ill. 268.

Mr. Justice Sheldon delivered the opinion of the Court:

This case was before this court at a former term, and is reported in 113 Ill. 269. (*Atwood* v. *Buck*.) The facts relating to the claims of the parties are set forth in the opinion there reported, to which reference is made. In brief, the bill was filed by William Buck, complainant, against Cyrus L. Buck, defendant, for partition of certain real estate in Warren county, of which it was alleged Murray Buck died seized. The reason of the name of Atwood appearing in the reported case was, that in the progress of the suit, Atwood, assignee in bankruptcy of William Buck, was substituted in his place, and afterward, and after the remandment of the cause, Atwood's interest as assignee having become determined, and he having reconveyed to William Buck, the latter, by order of court, was re-substituted as complainant. The complainant in the bill alleged that Murray Buck died intestate, and claimed a share

in the real estate as heir. The defendant claimed the whole of the property under a devise thereof to him by a will made by Murray Buck. The will had been admitted to probate in Knox county, in this State, but it was claimed by the complainant that a probate court in the State of Vermont had refused to admit the will to probate, and that such refusal was an adjudication which was final and conclusive. It was said in the opinion: "Treating the will of Murray Buck as valid, and as having been regularly admitted to probate in Knox county, where the testator died, it would pass the entire title of the land to defendant, Cyrus L. Buck, and that would be the end of all controversy." The question as to the Vermont court's refusal to probate the will was considered, and it was found there was no competent evidence of any adjudication touching the will in any court in the State of Vermont. The probate of the will in Knox county, in this State, was then considered, and it was held that it was there regularly admitted to probate, and established as the last will and testament of the decedent. It was then said: "That probate of the will stands unreversed, and no reason is perceived why defendant does not, under its provisions, take the entire land. This view being conclusive of the whole case, etc., * * * the decree of the circuit court must be reversed, and the cause remanded for further proceedings conforming to this opinion." When the cause was re-docketed in the circuit court, from which the appeal had been taken, that court denied motions made by the complainant for leave to file a supplemental bill, and for leave to amend the original bill, and set aside the decree of partition and dismissed the bill. Complainant appeals, and assigns for error this action of the circuit court.

As there was no specific direction by this court to dismiss the bill, it is insisted the court below should have allowed the motions to file a supplemental bill and to amend the original bill, and have reheard the cause. The supplemental bill contained no matter which had happened subsequent to the

original hearing of the cause in the circuit court. It, and the proposed amendment, set forth only that in obtaining the probate of the will in Knox county, defendant perpetrated a fraud upon the probate court, and upon the rights of complainant,—it being alleged to consist in certain enumerated acts and doings of defendant in receiving, as heir-at-law and as intestate estate, a share of other property situated elsewhere, of which the decedent died seized, including the property by the will devised to others, and in not informing the probate court of Knox county thereof, or of the refusal of the court in Vermont to probate the will.

It will be seen, from what has been said in respect of our former decision, that we determined the cause upon its merits, in favor of the defendant. This court has repeatedly held, that where a chancery cause is decided in this court upon the merits, the opinion finding there is no equity in complainant's bill, and the cause is remanded for further proceedings in conformity with the opinion, it is the duty of the court below to dismiss the bill for want of equity,—that such order, in such-case, is equivalent to a specific direction to so dismiss .the bill. (*Boggs* v. *Willard,* 70 Ill. 315; *Wadhams* v. *Gay,* 83 id. 251; *Newberry* v. *Blatchford,* 106 id. 584.) In *Wadhams* v. *Gay,* it was expressly declared, that "on the receipt of the mandate and opinion, the Superior Court was bound to carry into complete effect the decision of this court, not to re-try the cause, or place the complainants (the appellees) in a position by which the cause might be re-tried." In *Boggs* v. *Willard,* reference is made to the statute which empowers this court to give final judgment and issue execution, or remand the cause that execution may issue, or that other proceedings may be had thereon, and the purport of the decision is, that such a decree in this court, in favor of the defendant, upon the merits, is a virtual decree of dismissal, and that the cause is only remanded that the court below may dismiss the bill and issue execution for costs from that court instead

of this, and that under such a remanding order as that in this case, the court below could only act in conformity with the opinion, and dismiss the bill. The reason is well stated in *Hollowbush* v. *McConnel*, 12 Ill. 204: "There must be an end of litigation somewhere, and there would be none if parties were at liberty, after a case had received the final determination of the court of last resort, to litigate the same matter anew, and bring it again and again before the court for its decision."

What was sought here, was to make a further ground of attack against this will. This would be a continuance of litigation, which the law does not favor. The whole question of the validity of the will, and the devise to the defendant, should have been gone into, and determined upon the hearing which had before been had. We find no error, and the decree must be affirmed.

*Decree affirmed.*