## FRANCES M. DOYLE

### v.

## E. SANFORD ET AL.

*Mortgages—Bill to Redeem—Second Appeal—Usury—Tender*—Res Adjudicata.

Upon a second appeal in a proceeding to redeem certain mortgaged premises, it is *held:* That the complainant, having been defeated on the claim of usury, can not now rely upon the claim of tender, the two being inconsistent; and that the claim of tender and the defendant's claim for attorney's fees are *res adjudicata.*

[Opinion filed March 20, 1888.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

This was a bill filed by appellant against appellees, seeking to redeem real estate from a mortgage held by appellees, or one of them. John T. Martin was the original owner of the land in question and, on July 10, 1875, borrowed from E. Sanford $300 for five years at ten per cent. interest per annum, payable semi-annually at the Chemical National Bank of New York, in the State of New York. The said Martin executed to said Sanford a mortgage on the said land to secure said note and also ten per cent. attorney's fees in case the mortgage was not paid at maturity. The said Martin sold and conveyed the said land to one Hurlburt, who conveyed the same to complainant, January 20, 1880. The bill relied on two points for relief, aside from the right to redeem. 1st. In order to avoid costs and interests the tender of $346.50 at the said bank as well as to Sanford, that sum being the amount of the principal sum, together with interest at ten per cent., at the date of the supposed tender, but claims that the amount was refused, the holder of the note demanding the ten per cent. attorney's fees.

Doyle v. Sanford.

The appellant claimed in the bill, and still claims, that she kept the tender good by an offer to bring it into court and pay it over at any time.   The second contention made by the complainant was that there was usury in the inception of the contract, and she sought to avoid the payment of all interest except six per cent., and to have all payments on interest applied in discharge of the note, *pro tanto.*   The cause was tried in the court below, and resulted in the court deciding that the claim of usury was made out, and deciding that only interest at the rate of six per cent. could be allowed, and rendering decree for appellees for the amount of the note and six per cent. interest on that basis.   From this decree the appellees appealed the cause to this court.   Upon a hearing herein the court held that the court below erred in allowing usury in favor of the appellant, she being a purchaser of the land in such manner as to charge her with the payment of the note and interest as given, and remanded the cause to the court below, with directions to that court to fix a day upon which appellant should bring into court the amount due upon the mortgage according to its terms, reckoning interest to the day fixed for payment; also that the appellant herein, appellee then, should pay the costs, and that in default of the payment of the amount so found due after allowing just credits, that the bill be dismissed at the appellant's (Doyle's) costs.   The case will be found reported in 16 Ill. App. 508.

The cause has been again tried and the court below rendered a decree in favor of appellant in conformity with the direction of this court.   The appellant brings the case here and asks a reversal on the following grounds, to wit:   The court below erred in not finding and holding that there had been a tender of the full amount of the note and interest at the time it fell due to the holder thereof, and in not decreeing costs against appellees, and in not disallowing interest from date of tender, and in not allowing appellant to dismiss her bill after the master's report had been filed and appellant's exceptions hereto overruled.   The appellees assigned cross-errors as follows:   The court erred in not allowing the ten per cent. attorney's fees provided for in the note and mortgage.

Mr. ROBERT DOYLE, for appellant.

Mr. E. SANFORD, for appellees.

LACEY, J.    When this case was here on a former appeal the only question presented by either party to the record was whether the appellant, being the purchaser of the mortgaged premises, and having agreed to pay the mortgage debt, could be allowed to claim the benefit of pleading usury.

On that appeal the appellant raised by assignment of cross-error, or otherwise, no question of tender, she claiming alone the benefit of the usury statute.

The position that appellant took prior to the former appeal on the trial of the case in the court below was that she, as the assignee of the mortgagor, was entitled to a large reduction on account of usury, and insisted on and obtained a decree inconsistent with the claim of tender by procuring the court to allow her claim of usury.    The two claims were inconsistent with each other.    The appellant had, as she insists here, made a full tender of the amount of the note and interest at ten per cent. up to the time it was due and stood ready all the time to pay that amount over to the appellees upon their signifying a willingness to accept it.    If this claim had been insisted upon all the time and the other claim not set up, there would have been much force in the contention made here for the first time.

But after having litigated the matter on an entirely different basis at much expense and delay and having been defeated there is no justice in allowing her now to renew the claim of tender.    It should be regarded as having been abandoned.

We regard also that the matter is *res adjudicata* by this court on the former appeal and the judgment of the court. The remaining order directed the court below to count the interest on the note according to its terms, to the date to be fixed by the decree for its payment, only allowing just credits. This necessarily cut off any claim of tender; for in case of the allowance of tender all interest from the day of tender would have been cut off as well as costs, which were allowed by our order to appellees.    It also follows, as a necessary consequence,

that the appellees' claim for attorney's fees was cut off. By the order remanding the cause only the principal and interest were to be allowed. It also precluded the court from dismissing the bill, in any other manner than as ordered by this court, and that was to fix a day of payment in which time appellant might pay the amount due and costs and on failure so to do the bill stand dismissed. Gage v. Baily, 119 Ill. 539, and cases cited. The decree of the court below, being in conformity with the former opinion and order of this court, is affirmed.

*Decree affirmed.*