### NELLIE LYNN *et al.*

*v.*

### ELLEN LYNN, Admx.

*Filed at Ottawa October 31, 1890.*

1. WILL—*revocation—right of the testator—effect of a subsequent conveyance.* A will devising land may be revoked by the testator at any time during his life, or abrogated by a subsequent valid conveyance of the land. A mistake in the description of the land so subsequently conveyed will not render the deed invalid, and it may be corrected in a court of equity.

2. CONTRACT—*without consideration—not enforcible in equity.* An executory agreement upon a merely voluntary consideration will not be enforced in a court of equity, upon the application of a volunteer.

3. TRUSTS AND TRUSTEES—*whether a trust is created—of executed trusts, and those which are executory, merely.* A deed in due form to one named as trustee, for the use of a designated person, delivered and recorded and followed by possession on the part of the trustee, and his execution of the trust imposed on him, creates a trust, and the relation of trustee and *cestui que trust,* notwithstanding a misdescription in the land which is the result of mistake.

4. Whether a trust is perfectly created or not is a question of fact in each case, and the court, in determining the fact, will give effect to the situation and relation of the parties, the nature and situation of the property, and the purposes or objects which the settler had in view in making the disposition.

5. SAME—*enforcing a trust—under what conditions.* Where a trust has been perfectly created, so as to pass the title, it will be carried into effect, although without consideration; but if the transaction is incomplete, and its final completion is asked in equity, the court will not interpose to perfect the settler's liability, without inquiring into the origin of the claim and the nature of the consideration.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Probate Court of Cook county; the Hon. J. C. KNICKERBOCKER, Judge, presiding.

This was a petition filed in the probate court of Cook county, by Ellen Lynn, administratrix of the estate of George Lynn, deceased, to sell the east half of the south-west quarter of section 16, township 40, north, range 12, east, in Cook county, to pay the debts which had been probated against the estate of George Lynn, deceased. Mary Ann Lynn, widow of William Lynn, Sr., and the children of Ellen Gardner, William Lynn and James Lynn, and certain persons holding mortgages on the premises, executed by George Lynn in his lifetime, were made defendants to the petition. The defendants, Mary Ann Lynn, and the children of Ellen Gardner, William Lynn and James Lynn, answered the petition. In the answer they denied that George Lynn, at the time of his death, had any claim or title to the land described in the petition; denied that the estate of George Lynn, deceased, had any interest whatever in the land. The defendants, further answering, set up that the land described in the petition, on the 5th of June, 1873, was owned by William Lynn, Sr.; that on that date he and Mary Ann Lynn, his wife, sold and conveyed the premises to James Gardner, in trust, to rent, use or enjoy the same, and pay the net proceeds to Rebecca Lynn, for her support, or to such person as might have charge of her during her natural

life, and at her death to sell and convey the same, and divide the proceeds equally between the children, then living, of Ellen Gardner, William Lynn, Jr., and James Lynn; that the deed was recorded in the recorder's office in Cook county, June 13, 1873. It is also set up that Rebecca Lynn died July 22, 1878; that in the deed from Lynn and wife to Gardner, by clerical mistake, the land was described as being in section 10, when it was intended to convey land in section 16; that the land intended to be conveyed was the premises involved in this proceeding; that said premises were always known as the "old eighty" and the "old homestead." It is also set up in the answer that George Lynn, deceased, never had possession of the premises, but the same were used for the purpose named in the deed of trust.

Mr. JOHN A. JAMESON, for the appellants:

A deed providing for a child is a meritorious, and hence a valuable, consideration. Story's Eq. Jur. secs. 420, 421.

Between parent and child, after death-of the parent, slight consideration is sufficient. *Shepherd* v. *Bevin,* 9 Gilm. 32, and cases cited; *Salmon* v. *Bennett,* 1 Am. Lead. Cas. 32.

For a near relation a small consideration will suffice. *Moore* v. *Crofton,* 3 Jones & La. T. 434; Blackstone's Com. 297.

Intrusting a person with property is a consideration, in itself, for his promise that if he acts upon the trust he will faithfully discharge it. Chitty on Contracts, 41.

Every contract ought to be construed so as to give it effect according to the real intent of the parties. Chitty on Contracts, 111, note s.

In the absence of fraud towards the grantor or his creditors, a deed of land executed without consideration is sufficient to pass title from the grantor to the grantee. *Den* v. *Hawks,* 5 Ind. 3; *Ruth* v. *King,* 71 Blackf. 510; *Prescott* v. *Hayes,* 43 N. H. 593; *Taylor* v. *King,* 6 Mass. 358; *Ryan* v. *Brown,* 18 Mich. 196.

In a deed of land by a parent to a child, love and affection are a good consideration. *Preston* v. *Armstrong,* 1 Iowa, 282.

A deed is also good, for the same reason, to a grandchild. (*Hanson* v. *Buckner,* 4 Dana, 251; *Slavall* v. *Barnett,* 4 Litt. 207; *Huss* v. *Stephens,* 51 Pa. St. 282.) And also good to a step-daughter. (*Randall* v. *Ghent,* 19 Ind. 271.) And also to a nephew. *Eckman* v. *Eckman,* 68 Pa. St. 460.

The intention of William Lynn, Sr., was to provide for his imbecile daughter, and, after her death, his grandchildren then living. The deed of 3d June, 1873, set out that intention. And intention must be deduced from the instrument of conveyance. *Long* v. *Waggoner,* 47 Mo. 178; *Renshall* v. *Temple,* 25 Cal. 449.

Uncertainty or defects in the description do not render a deed void, if it can be avoided by construction. *Harvey* v. *Mitchell,* 31 N. H. 575; *Bosworth* v. *Sturtevant,* 2 Cush. 392; *Andreas* v. *Murphy,* 12 Ga. 431; *Stone* v. *Stone,* 116 Mass. 279.

Appellants submit, that if the probate court had power to reform the deed by correcting the description from section 10 to section 16, the court should have done so under the law and the evidence. The mistake of the scrivener may be shown by parol evidence, and the instrument reformed accordingly. *Huss* v. *Morris,* 63 Pa. 367; *Van Doyle* v. *Van Doyle,* 3 Mich. 321.

Mr. B. W. Ellis, for the appellee:

A court of equity will not rectify or enforce voluntary contracts, deeds, etc. Bispham's Eq. sec. 164; Pomeroy's Eq. sec. 588; Kerr on Fraud and Mistake, 429; Story's Eq. Jur. sec. 164; Adams' Eq. 192; *Preston* v. *Williams,* 81 Ill. 177; *Clarke* v. *Lott,* 11 id. 115; *Wadhams* v. *Gay,* 73 id. 432; *Stone* v. *Hackett,* 12 Gay, 227; *Badgley* v. *Votrain,* 68 Ill. 32.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

William Lynn, Sr., originally owned the east half of the south-west quarter of section 16, township 40, north, range 12, east, in Cook county. In the year 1872 he executed a will, in which he devised the land to his son, George Lynn. After the making of the will, on the fifth day of June, 1873, William Lynn, Sr., by warranty deed, conveyed the premises to James Gardner, in trust, for the benefit of an imbecile daughter. The deed was executed by William Lynn and Mary Ann, his wife, acknowledged before a notary public, as required by law, recorded on the 13th day of June, 1873, and contained the following declaration of trust: "This conveyance is made for the following purposes, to-wit: Said grantee shall hold the same in trust, to rent, use or enjoy the same, and pay the net proceeds of its use to Rebecca Lynn, for her support, or to such person as may have charge of her, during her natural life, and at her death to sell and convey the same, and divide the proceeds of said sale equally between the children, then living, of Ellen Gardner, William Lynn and James Lynn." In making the deed, it was admitted in the probate court that the premises were by mistake described as the east half of the south-west quarter of section 10, instead of the east half of the south-west quarter of section 16. After the deed was executed it was at once delivered to James Gardner, the grantee, who took charge of the estate and devoted the rents and proceeds to the support of Rebecca Lynn during her lifetime. It does not appear that George Lynn ever had possession of the premises. The will, under which it is claimed that George Lynn derived title, was not probated, but seems to have been destroyed after the death of William Lynn, Sr., and it was subsequently restored by decree of the circuit court of Cook county. The appellants were not, however, parties to that proceeding. William Lynn, Sr., died in 1874, and Rebecca, the daughter, died in 1878.

Under the facts as they appear in the record, the question to be determined is, whether George Lynn, at the time of his death, owned the premises in controversy, or whether the title passed to James Gardner under the deed executed by William Lynn and wife to him, June 5, 1873.

It will be observed that William Lynn, Sr., after making the will under which the petitioner claims that George Lynn acquired title, conveyed to James Gardner, and if the deed was sufficient to pass the title, no title whatever was acquired under the will, as that instrument could be revoked during the life of the devisor, or abrogated by a subsequent conveyance of the property. The decision of the case, therefore, depends upon the validity or invalidity of the deed of June 5, 1873.

It is said that the deed is voluntary, without consideration, and can not be reformed in a court of equity. The principle may be regarded as well settled, that an executory agreement upon a merely voluntary consideration will not be enforced in a court of equity upon the application of a volunteer. On the hearing in the probate court, it was conceded that no money consideration was paid for the execution of the deed, but the deed was made to furnish a support to an imbecile daughter, during her life, and upon her death the trustee named in the deed was directed to sell the premises and divide the proceeds between certain named grandchildren of the grantor. It also appears, upon the execution of the deed it was delivered to James Gardner, the trustee, who took possession of the premises conveyed, and controlled the same under the deed, and applied the proceeds of the land to the support of Rebecca Lynn, for whose benefit it was executed, and, so far as appears, the trustee has remained in the possession and control of the property ever since the deed was executed. The deed, as is apparent upon its face, conveyed the premises absolutely to the trustee for the purposes therein expressed. No interest whatever in the premises was reserved to the grantor, and upon the delivery of the deed to the trustee, and the delivery

of the possession of the premises conveyed, the trust was created, and the relation of trustee and *cestui que trust* established. Was the transaction an executed trust, or is it to be regarded as executory, merely? It is said in Perry on Trusts, sec. 99: "Whether a trust is perfectly created or not is a question of fact in each case, and the court, in determining the fact, will give effect to the situation and relation of the parties, the nature and situation of the property, and the purposes or objects which the settler had in view in making the disposition."

It is often a difficult matter to determine whether a certain transaction is to be regarded as an executed or an executory trust, and many fine distinctions may be found in cases where the question has been presented. Lord Eldon, in the well known case of *Ellison* v. *Ellison,* 6 Ves. 656, in speaking on the subject, said: "I take the distinction to be, that if you want the assistance of the court to constitute you *cestui que trust,* and the instrument is voluntary, you shall not have the assistance for the purpose of constituting you *cestui que trust,* as, upon a covenant to transfer stock, etc., if it rests in covenant and is purely voluntary, this court will not execute that voluntary covenant. But if the party has completely transferred stock, etc., though it is voluntary, yet, the legal conveyance being effectually made, the equitable interest will be enforced by this court." This case was cited with approval in *Badgley* v. *Votrain,* 68 Ill. 30, and it was there held, that where a trust has been perfectly created it will be carried into effect, although without consideration; but if the transaction is incomplete, and its final completion is asked in equity, the court will not interpose to perfect the settler's liability, without inquiring into the origin of the claim and the nature of the consideration.

In *Brown* v. *Winthrop,* 1 Johns. Ch. 329, where a person made a voluntary settlement, by deed, on his mistress and her child, but retained the possession of the deed until his death, on a bill in equity to enforce the trust created or attempted to be created by the deed, the court held the transaction an

executed one, although the deed had not been delivered. It is there said: "The instrument is good as a voluntary settlement, though retained by the grantor in his possession until his death. There was no act of his, either at the time or subsequent to the execution of the deed, which denoted an intention contrary to that appearing upon the face of the deed." See, also, *Clavering* v. *Clavering*, 2 Vt. 473.

In *Stone* v. *Hackett*, 12 Gray, 227, the settler had purchased stocks in different corporations, in the name of H. P. K., and took from H. P. K. a declaration that she held the stocks upon certain specified trusts. It was held, as between the parties, the delivery of the certificates of stock, with the assignments of some of them and the power of attorney to transfer the others, was equivalent to a complete, executed transfer of the shares. It is there said: "The key to the solution of the question raised in this case is to be found in the equitable principle, now well established and uniformly acted on by courts of chancery, that a voluntary gift or conveyance of property in trust, when fully completed and executed, will be regarded as valid, and its provisions enforced and carried into effect against all persons, except creditors and *bona fide* purchasers without notice." See, also, *Kekewich* v. *Manning*, 1 DeG., M. & G. 187; Lewin on Trusts, 58.

In *Otis* v. *Beckwith*, 49 Ill. 121, where a policy of insurance on the life of the assignor was assigned to a trustee for the benefit of his three children, and notice of the assignment given to the insurance company, but the policy was never delivered, but retained by the assignor until his death, it was held that the trust was executed, and the transfer of the policy was upheld and sustained in a court of equity.

A proper application of the principle established by the cases cited, when applied to the facts under consideration, lead us to the conclusion that George Lynn was not seized of the premises at the time of his death. The gist of the *Ellison*

*case, supra,* which may be regarded as a leading authority on the subject, seems to be, that when the relation of trustee and *cestui que trust* has been created by the deed, the transaction will be regarded as an executed trust. Here, the deed created the relation of trustee and *cestui que trust,* and the grantor assumed to convey, absolutely, the premises to the trustee, reserving no right, benefit or interest to himself. The deed was delivered, and the possession of the premises was transferred to the grantee. The grantor did all in his power to make the conveyance an absolute, unconditional one. Nothing whatever was left for him to do. Moreover, the trustee accepted the trust, and entered upon the discharge of his duties as such. Under such circumstances, we are constrained to hold that the transaction was an executed trust, and although there was a clerical mistake in the description of the premises contained in the deed, a court of equity may, under the authorities, uphold and sustain the deed, although it was not based on a moneyed consideration. If an instrument creating a trust, which has not been delivered, may be sustained in equity, as held in the cases cited, a deed in every respect formal and valid, which fails to accurately describe the premises, may also, upon the same principle, be sustained, and although it may need reformation as to the description of the premises, it is not on that account to be regarded as an executory contract.

The decree of the probate court will be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*