## City of Chicago v. Samuel Gregsten et al.

1. SUPREME COURT PRACTICE—*Remanding with Directions.*—When the parties stipulate that a cause shall be heard on the merits upon the pleadings and an affidavit, and it is so heard, and on appeal the Supreme Court reverse and remand it for further proceedings not inconsistent with the opinion, the opinion of the Supreme Court is upon the merits and is final. Neither additional pleading nor evidence is permissible.

**Memorandum.**—In equity. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

### STATEMENT OF THE CASE.

September 29, 1890, the appellees, Samuel Gregsten and Andrew Cummings, filed a bill of complaint in this cause, praying that the city of Chicago and the commissioner of public works be restrained from ejecting them from the vault or space underneath the alley in the rear of the premises occupied by said appellees, fronting on Dearborn street, Chicago, Cook county, Illinois. This bill of complaint was afterward amended by leave of court.

A preliminary injunction was granted as prayed in said bill.

October 21, 1890, the city of Chicago filed its answer to said bill of complaint, and on January 9, 1891, moved the court for dissolution of the injunction theretofore granted.

Thereupon the cause coming on to be heard on the defendant's motion to dissolve the injunction, it was stipulated that said cause should be set down for final hearing upon the bill as amended, and the answer of defendant thereto (defendant's answer to the original bill to stand as answer to bill as amended), complainants' replication to answer and the affidavits of Samuel Gregsten.

The order of the court recites that the cause came on " to be heard upon the pleadings herein."

On such hearing the Circuit Court found the issues in

favor of appellant, and entered a decree dissolving the injunction and dismissing the bill for want of equity.

Upon appeal to the Appellate Court the decree of the Circuit Court was affirmed. Thereupon an appeal was taken to the Supreme Court, and in that court the decree of the Circuit Court was reversed and the cause remanded "to the Circuit for further proceedings not inconsistent" with the opinion of the Supreme Court.

CONDEE & ROSE, attorneys for appellant.

KNIGHT & BROWN, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The only question presented by the record of this case is whether appellant was entitled to file a supplemental answer, and whether the court was justified in, after refusing to give such leave, entering a final decree in accordance with the opinion of the Supreme Court.

The parties having stipulated that the cause should be heard upon the pleadings and the affidavits of Samuel Gregsten, and the cause having been heard upon the pleadings, the order of the Supreme Court is, in connection with its opinion, a direction to the Circuit Court to give the relief awarded to the complainants by the final decree of the Circuit Court entered upon the filing of the order of the Supreme Court reversing and remanding the cause for further proceedings not inconsistent with its opinion. The cause was originally heard upon the merits, as shown by the pleadings; the opinion of the Supreme Court is upon the merits and is final; neither additional pleading nor evidence was permissible. Leiter v. Field, 24 Ill. App. 123; Hollowburk v. McConnell, 12 Ill. 203; Wadhams v. Gay, 83 Ill. 250; Newberry v. Blatchford, 106 Ill. 584; Hook v. Richardson, 115 Ill. 431; Gage v. Bailey, 119 Ill. 539; Sanders v. Peak et al., 131 Ill. 407; Buck v. Buck et al., 119 Ill. 613.

The only error of the Circuit Court was that on the hear-

ing had May 8, 1894, instead of hearing the cause upon the matters and things, viz., the pleadings on which the cause had at the previous hearing been heard, the effect of which had been passed upon by the Supreme Court, it went on to hear the cause as recited in the decree as follows:

" This cause having been brought on this day to be heard upon the bill of complaint, as amended, of the complainants, the answer thereto of the defendants, and the replication of complainants to such answer, and upon the affidavits of Samuel Gregsten, Andrew Cummings, William H. Purdy and A. M. Hirsch, and the proofs and exhibits herein."

This error is inconsequential as the order of the court; the relief given is in accordance with the opinion of the Supreme Court.

The decree of the Circuit Court is therefore affirmed.