ELLEN LYNN, Admx.

*v.*

MARY ANN LYNN *et al.*

*Filed at Ottawa Nov. 1, 1895—Petition for rehearing stricken March 13, 1896.*

1. APPEALS AND ERRORS—*appeal from decree of sale of lands in probate.* An appeal lies directly to the Supreme Court from a decree of the probate court in a proceeding to sell lands of a decedent for the payment of debts, where a freehold is involved, as the provision of the act in relation to the administration of estates, and of the County Court act for appeal to the circuit court, are *pro tanto* repealed by the Practice and Appellate Court acts.

2. SAME—*effect of submitting to court's jurisdiction.* A judgment of the Supreme Court cannot be affected by the fact that the case was improperly brought by appeal to the Appellate Court, and from that to the former court, instead of directly, where all parties submitted to the jurisdiction and made no question thereof.

3. SAME—*effect of reversal of decree for sale of property.* A reversal by the Supreme Court of a decree for the sale of property of a decedent, on the ground that he had no title, with a remand for further proceedings in accordance therewith, precludes a new hearing on the merits of an amended petition, setting up new matters as to the title, which were in existence when the first hearing was had in the probate court.

(BAKER, J., dissenting.)

WRIT OF ERROR to the Probate Court of Cook county; the Hon. C. C. KOHLSAAT, Judge, presiding.

NEWMAN & NORTHRUP, for plaintiff in error:

Under express decisions of this court, and by well recognized legal principles, section 122 of the County Court act must be held to have been repealed by the amendment to section 8 of the Appellate Court act, passed in 1887, and section 88 of the Practice act, and we cite in support of this position, *Union Trust Co.* v. *Trumbull,* 137 Ill. 156; *Lee* v. *People,* 140 id. 536; *Heinzelman Bros.* v. *Schrader,* 150 id. 228.

JOHN N. JEMISON, for defendants in error:

So much of the Revised Statutes in regard to appeals from probate courts as allows appeals to be taken directly from that court to the Supreme Court in proceedings for the sale of lands of decedents to pay debts is unconstitutional. *Dawson* v. *Eustice,* 148 Ill. 346; *Kingsbury* v. *Sperry,* 119 id. 286.

The application in the court below was simply for leave to sell lands to pay debts, and in such cases the Supreme Court has no direct jurisdiction. *Lynch* v. *Hickey,* 13 Ill. App. 143; *Clement* v. *Reitz,* 103 Ill. 315; *Pinneo* v. *Knox,* 100 id. 471; *Hutchinson* v. *Howe,* id. 11; *McIntyre* v. *Yates,* id. 475; *Conkey* v. *Knight,* 104 id. 337; *Walker* v. *Pritchard,* 121 id. 221; *Railroad Co.* v. *Watson,* 105 id. 217; *Cheney* v. *Teese,* 113 id. 444; *Malaer* v. *Hudgens,* 130 id. 225.

The statute on which plaintiff in error substantially relies as permitting writs of error directly to the Supreme Court from the probate court, in no way repeals the existing right of appeal to the circuit courts as provided by other acts in force. *Ottawa* v. *LaSalle,* 12 Ill. 339; *Covington* v. *East St. Louis,* 78 id. 548; *Warner* v. *Crosby,* 89 id. 320; *Coal Co.* v. *Taylor,* 81 id. 590; *Gunnarssohn* v. *Sterling,* 92 id. 569; *Hyde Park* v. *Oakwoods,* 119 id. 141; *Butz* v. *Kerr,* 123 id. 659.

A right of appeal existed at bar to the circuit court, and a writ of error lies only in this State from the Supreme to an inferior court in cases where no appeal lies to any intermediate court. *Haines* v. *People,* 97 Ill. 161; *McIntyre* v. *Sholty,* 139 id. 171.

The *bona fides* of the giving of the deed and all the attendant circumstances were fully before the probate court upon the original petition, and the offering of the amended petition was only a subterfuge to get another hearing of the case upon assignment of error. Matters in controversy cannot be again litigated in this way. *Rogers* v. *Higgins,* 57 Ill. 244; *Bennitt* v. *Mining Co.* 119 id. 9; *Litch* v. *Clinch,* 136 id. 411; *Smyth* v. *Neff,* 123 id. 313; *Hollowbush* v. *McConnell,* 12 id. 204.

KRAFT, WILLIAMS & KRAFT, for defendants in error Nellie and Laura Lynn:

The only way to review the Supreme Court's decision in any case is by petition for a rehearing, and when that has been denied the matters of fact and law therein decided are forever the rule of conduct, so far as they relate to the parties to the record or their privies. *Newberry* v. *Blatchford*, 106 Ill. 584; *Rising* v. *Carr*, 70 id. 596; *Hollowbush* v. *McConnell*, 12 id. 203.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This was a petition in the probate court of Cook county by Ellen Lynn, administratrix of the estate of George Lynn, deceased, to sell the east half of the south-west quarter of section 16, township 40, north, range 12, east, in Cook county, to pay the debts which had been probated against the estate of the deceased. The defendants in error by their answer denied that George Lynn, at the time of his death, had any claim or title to the land described in the petition, or that the estate of Lynn had any interest whatever in the land. They set up that the land, on the fifth day of June, 1873, was owned by William Lynn, Sr.; that on that date he and Mary Ann Lynn, his wife, sold and conveyed the premises to James Gardner in trust, to rent, use or enjoy the same, and pay the net proceeds to Rebecca Lynn for her support during life, and at her death to sell and convey the same and divide the proceeds equally among the children then living of Ellen Gardner, William Lynn, Jr. and James Lynn; that the deed was recorded in the recorder's office of Cook county June 13, 1873. It was also set up that Rebecca Lynn died July 22, 1878; that George Lynn never had possession of the premises, but the same were used for the purpose named in the deed of trust.

On the first hearing in the probate court, on the pleadings and evidence, the court granted the prayer of

the petition, but on an appeal to this court by the defendants to the petition the decree of the probate court was reversed and the cause remanded. (*Lynn* v. *Lynn*, 135 Ill. 18.) After a remanding order had been filed in the probate court and the cause re-docketed, the petitioner filed an amended petition. A motion was entered to dismiss the petition, on the ground that the judgment of this court was a final adjudication of the matters.involved between the parties, and that, the question of title having been determined, the probate court had no power to enter upon any further investigation or consideration of that question. The court, on consideration of the motion, ordered that the petition be dismissed and the amended petition be stricken from the files. To reverse this order Ellen Lynn, administratrix, sued out this writ of error.

The defendants in error have entered a motion to dismiss the writ of error, on the ground that the alleged error, if error there was, is reviewable only in the circuit court; that there is no valid provision of law authorizing an appeal or writ of error directly from the probate court to the Supreme Court. When the motion was first entered we were inclined to the opinion that the motion would have to prevail, but upon further consideration we have arrived at a different conclusion. It will be remembered that this was an application by an administrator, in the probate court of Cook county, for leave to sell real estate to pay debts, instituted on the 29th day of January, 1887. It will also be borne in mind that the probate court was established by the act of 1877, approved April 27, 1877; that prior to that time county courts were clothed with jurisdiction to sell lands on the application of administrators to pay debts. Section 124 of the act in regard to the administration of estates provides that appeals shall be allowed from all judgments, orders or decrees of the county court, in all matters arising under the act, to the circuit court, in favor of any person who

may consider himself aggrieved by any judgment, order or decree of such court. And section 122 of the County Court act provides that appeals may be taken from the final orders, judgments and decrees of the county court to the circuit court, in all matters except as provided in the following section, and that upon such appeals the cases shall be tried *de novo*. And the next section reads as follows :

"Sec. 123. Appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the county court to the Supreme Court or Appellate Court, should such a court be established by law, in proceedings for the sale of lands for taxes and special assessments, and in all common law and attachment cases, and cases of forcible detainer and forcible entry and detainer. Such appeals and writs of error shall, when not otherwise provided, be taken and prosecuted in the same manner as appeals from and writs of error to circuit courts." Laws of 1877, p. 77.

If there were no other statute providing for appeals from or writs of error to county courts or probate courts, it might be held that the circuit court was the proper tribunal to review the action of the probate court in a case of this character But in our opinion appeals from and writs of error to the county or probate court are governed by other statutes. Section 88 of the Practice act, as amended June 3, 1879, (Laws of 1879, p. 222,) provides: "Appeals from and writs of error to circuit courts, the Superior Court of Cook county, the Criminal Court of Cook county, county courts and city courts, in all criminal cases below the grade of felony, shall be taken directly to the Appellate Court, and in all criminal cases above the grade of misdemeanors, and cases in which a franchise or freehold or the validity of a statute or construction of the constitution is involved, and in all cases relating to revenue or in which the State is interested,

as a party or otherwise, shall be taken directly to the Supreme Court."

In addition to the foregoing provision in regard to appeals and writs of error, in 1887 the legislature passed what is known as section 8 of the Appellate Court act, which reads as follows: "The said Appellate Courts created by this act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the Superior Court of Cook county, or county courts, or from the city courts, in any suit or proceeding at law or in chancery, other than criminal cases not misdemeanors, and cases involving a franchise or freehold or the validity of a statute." Hurd's Stat. 1893, chap. 37, sec. 25.

As has been seen, under section 124 of the act in regard to the administration of estates appeals are allowed to the circuit court from all judgments, orders or decrees of the county courts in all matters arising under the act, and under sections 122 and 123 of the County Court act appeals may be taken from the final judgments and decrees of the county court to the circuit court, except in proceedings for the sale of land for taxes and special assessments, and in all common law and attachment cases and cases of forcible entry and detainer. Under these provisions of the statute it is plain that where land was decreed to be sold, in the county court, to pay debts, and an appeal was prosecuted, it would have to go to the circuit court. But under section 88 of the Practice act and section 8 of the Appellate Court act all appeals in misdemeanors, and suits or proceedings at law or in chancery where a freehold or the validity of a statute is not involved, must go to the Appellate Court. It is therefore apparent that the sections of the Practice act and Appellate Court act conflict with section 124 in regard to the administration of estates and the sections of the County Court act, and so far as a conflict exists the two

latter named acts must be regarded as repealed, under
the rule that where there is a conflict between two acts
of the legislature the later act must prevail, as being the
last expression of the legislature.  Indeed, in *Union Trust
Co.* v. *Trumbull*, 137 Ill. 146, we held that section 8 of the
Appellate Court act repealed, by implication, section 122
of the County Court act in so far as it conflicted with it.

In *Lee* v. *People*, 140 Ill. 536, the question arose whether
an appeal in a bastardy case lies directly to the Appel-
late Court from a judgment of the county court, and we
held that it did.  In the discussion of the question it
was said that section 8 of the Appellate Court act "oper-
ates as an amendment of section 88 of the Practice act,
and it should be read and construed as a part thereof.
When it is so read, it is plain the effect is to give the
appeal· in the bastardy case direct to the Appellate
Court, for although a bastardy proceeding is not a suit
at common law, it is clearly 'a proceeding at law.'  The
manifest purpose is to make the appeal, in all cases enu-
merated, from the final order, judgment or decree of the
county court to the Appellate Court."  The cases enu-
merated are: "In any suit or proceeding at law or in
chancery, other than criminal cases not misdemeanors,
and cases involving a franchise or freehold or the valid-
ity of a statute."  Does a decree for the sale of lands to
pay debts fall within this provision?  Manifestly it does.
Section 101 of the statute in regard to the administration
of estates provides that the application shall be docketed
as other causes; that the petition may be amended, heard
or continued for notice or other cause, and the practice
in such cases shall be the same as in cases in chancery.
Under the act of June 15, 1887, (Laws of 1887, p. 3,) the
court, on the application, may settle all equities and all
questions of priority between all parties interested, and
may investigate and determine all questions of conflict-
ing or controverted titles arising between any of the
parties to the proceeding, and may remove clouds from

the title to any real estate sought to be sold, and invest purchasers with a valid title to the premises sold.

Under these provisions, in view of the nature and character of the proceeding and the broad chancery powers conferred on the court, an application to sell lands to pay debts may properly be regarded as a chancery proceeding, within the meaning of section 8 of the Appellate Court act.

So far we have spoken in regard to appeals from and writs of error to county courts, while this case comes from the probate court of Cook county. Section 8 of the Probate Court act (Laws of 1877, p. 81,) provides that the practice in the probate court shall be the same as now provided or which may hereafter be provided for the probate practice in the county court; and all laws now in force or which may hereafter be enacted, concerning the administration of estates; shall govern and be applicable to the practice of the probate court. Under this section, whatever practice is provided by law for the county court applies also to the probate court, and under the ruling in *Fleischman* v. *Walker*, 91 Ill. 318, "practice," as used in the statute, includes the mode or manner of removing cases from the county or probate court to the Appellate or Supreme Court by appeal or writ of error.

From what has been said, when section 88 of the Practice act and section 8 of the Appellate Court act are considered and construed together, which must be done, the Appellate Court is clothed with jurisdiction of appeals from or writs of error to final judgments or decrees of the circuit courts, the Superior Court of Cook county, county courts and from the city courts, in all criminal cases below the grade of felony, and all suits or proceedings at law or in chancery, except in cases where a franchise or freehold or the validity of a statute or construction of the constitution is involved, and the excepted cases are required to go directly to the Supreme Court. Where the application is to sell real estate in the circuit, probate

or county court, all cases in which a freehold is involved
are required to go directly to the Supreme Court, but
where a freehold is not involved, to the Appellate Court.
Where a claim is allowed in the county or probate court
in favor of a creditor against an estate, or where a claim
may be rejected, an appeal lies from the final judgment
to the circuit court, as held in *Grier* v. *Cable,* 159 Ill. 29.)
There may be other proceedings of minor importance in
these acts where an appeal may be taken from a final
judgment to the circuit court, but on an application to
sell real estate the circuit court has no jurisdiction of
an appeal.

The questions next presented are, first, whether the
court erred in dismissing the petition for leave to sell
lands; and second, whether the court erred in dismissing
the amended petition. The two questions may be con-
sidered together.

It is first claimed in the argument that the former de-
cision in this cause and the mandate of this court to the
probate court are not binding, because this court did not
have jurisdiction. The case, as will be remembered, was
taken by appeal from the probate court to the Appellate
Court and by appeal from that court to this court, and
it is insisted that as a freehold was involved the Appel-
late Court had no jurisdiction, and hence neither did
this court. We think it plain a freehold was involved,
and the appeal should have come directly to this court.
But where, as in this case, the parties all submitted to
the jurisdiction of the court, and made no question, by
motion or otherwise, to the same, they cannot now, after
a final determination of the case, call in question the
decision of the court for the reason there existed an
irregularity in bringing the case to this court. This
court, when the case was submitted, had jurisdiction of
the subject matter and of the parties, and the fact, alone,
that the parties took the wrong road to reach this court
and traveled through the Appellate Court did not oust

this court of jurisdiction when the case was finally submitted on its merits. The manner in which the case reached this court was a mere irregularity, which was waived by the parties by their appearance and joining in error without objection.

It is next claimed that although the opinion of the court may be binding on the parties, still the plaintiff in error, after the cause was remanded, was entitled to another hearing on the merits. The language of this court in closing its opinion in *Lynn* v. *Lynn,* 135 Ill. 18, is as follows: "The decree of the probate court will be reversed, and the cause remanded for further proceedings consistent with this opinion." On the first hearing the plaintiff in error claimed that George Lynn, at the time of his death, owned the land, and that he derived title, as devisee, under the will of his father, William Lynn, deceased. On the other hand, the defendants in the proceeding claimed that George Lynn never acquired any title to the land; that after the making of the supposed will, under which George Lynn claimed, William Lynn, on June 5, 1873, by warranty deed of that date, conveyed the premises to James Gardner in trust, for the benefit of an imbecile daughter. That deed was properly acknowledged and duly recorded on the 13th day of June, 1873, but the administratrix of the estate of George Lynn, deceased, claimed that the deed was invalid and she was entitled to sell the land to pay debts. The probate court decided in favor of the administratrix and entered a decree for a sale of the land. After the case reached this court the question presented for consideration was one of title,—not whether George Lynn died seized of a title in fee simple absolute, but whether he died seized of any title,—and the solution of this question depended upon the further question whether the deed from William Lynn to James Gardner was valid or invalid. If valid, George Lynn had no title which his administrator could sell; if invalid, then his administrator was entitled to a decree

of sale.   On the question involved this court held that the deed to James Gardner was a valid instrument, and reversed the decree of the probate court and remanded the cause.   Under this state of facts, after the cause was re-docketed in the probate court, was it the duty of that court to permit an amended petition to be filed and enter upon another trial of the cause, or was it the duty of the court to enter a decree in conformity to the decision of this court, as was done, denying the application?

It will be observed that this court, in the decision of the case, passed on all the questions there involved, and upon an examination of the amended petition it will be found that the new matters attempted to be litigated were all in existence when the first hearing was had in the probate court.   If the deed to Gardner was obtained by undue influence or fraud that could have been proven on the first hearing, or if the title conveyed or attempted to be conveyed by that deed was barred by any statute of limitations, that was a matter which could have been proven on the first trial.   Indeed, we find nothing attempted to be set up on the last hearing which the administratrix could not have brought up on the first.

In *Wadhams* v. *Gay*, 83 Ill. 250, where a judgment was reversed and the cause remanded for further proceedings in conformity with the opinion of this court, the court dismissed the bill without prejudice, and in considering that order it is said (p. 253): "On the receipt of the mandate and opinion the Superior Court was bound to carry into complete effect the decision of this court,—not to re-try the cause or place the complainants  *  *  *  in a position by which the cause might be re-tried, as that is the necessary result and effect of an order dismissing the bill without prejudice.   It was not competent for the court to grant such an order against the mandate and opinion of this court.   In what a lamentable condition would suitors be if the opinions and final orders of this court are to be disregarded by inferior courts.   One of

the great interests of the public is that an end shall be
put to litigation, and when a case has received full con-
sideration in this court, and the merits fully explored,
discussed and settled, and the cause remanded for further
proceedings in conformity to the expressed views and
opinion of this court, there can be no power remaining
in the court to which the opinion and mandate are sent,
to re-try the cause, or do any other matter or thing in the
cause but to obey the mandate. The opinion of this court
was on the merits. They had been declared by this court
against the complainants. The mandate required of the
Superior Court the execution of the decree of this court,
—not a re-trial of the cause or the entry of any order
which might have that effect, and which, unquestionably,
was the design of the party asking such an order. The
authorities are clear on this point. *Skillern's Exrs.* v. *May's
Exrs.* 6 Cranch, 267, decided by the Supreme Court of the
United States so early as 1810, is directly on this ques-
tion, and subsequent cases harmonize with it. (*Ex parte
Story*, 12 Pet. 339; *Ex parte Jibbers*, 12 id. 488; *West* v. *Bra-
shear*, 14 id. 52; *United States* v. *Fremont*, 12 How. 30; *Soule*
v. *Dawes*, 14 Cal. 247.) The same is the doctrine of the
English courts. (*Black* v. *Cobaugh*, 9 Sim. 411; *Gartside* v.
*Asherwood*, 2 Dickens, 612.) To the same effect are cases
in this court. *Boggs* v. *Willard*, 70 Ill. 315; *Ogden* v. *Larra-
bee*, id. 510."

Buck v. *Buck*, 119 Ill. 613, is a case where a decree was
reversed and the cause remanded for further proceedings
conforming to this opinion. When the cause was re-
docketed in the circuit court a motion was made for leave
to file a supplemental bill and for another trial, but this
was denied, and in passing upon the decision of the court
it is said (p. 615): "When the cause was re-docketed in the
circuit court from which the appeal had been taken, that
court denied motions made by the complainant for leave
to file a supplemental bill and for leave to amend the
original bill and set aside the decree of partition, and

dismissed the bill. Complainant appeals, and assigns
for error this action of the circuit court. As there was
no specific direction by this court to dismiss the bill, it
is insisted the court below should have allowed the mo-
tions to file a supplemental bill and to amend the orig-
inal bill, and have re-heard the cause. The supplemental
bill contained no matter which had happened subsequent
to the original hearing of the cause in the circuit court.
It and the proposed amendment set forth only that in
obtaining the probate of the will in Knox county, de-
fendant perpetrated a fraud upon the probate court and
upon the rights of complainant.    *  *  *   This court
has repeatedly held that where a chancery cause is de-
cided in this court upon the merits, the opinion finding
there is no equity in complainant's bill and the cause is
remanded for further proceedings in conformity with the
opinion, it is the duty of the court below to dismiss the
bill for want of equity,—that such order in such case is
equivalent to a specific direction to so dismiss the bill,"
—citing *Newberry* v. *Blatchford,* 106 Ill. 584, and other cases.

*West* v. *Douglas,* 145 Ill. 165, has been cited and relied
upon as an authority to sustain the position of plaintiff
in error. Upon an examination of that case it will be
found so different from the case under consideration that
it cannot control here. There the circuit court had dis-
missed a bill for want of equity to which two distinct
defenses had been set up in the answer, but the evidence
on the hearing had been confined to only one of the
defenses. On appeal the judgment of the circuit court
was reversed, and the cause remanded for further pro-
ceedings not inconsistent with the opinion. On the sec-
ond hearing evidence was heard on the other ground of
defense, and this was held to be proper. We adhere to
the rule laid down in the case cited, but it does not
control this case. Here we regard the former decision as
*res judicata.* (2 Black on Judgments, sec. 609.) When the
case was here before, the record presented but one ques-

tion, and that was whether the title to the land was in George Lynn at the time of his death or in James Gardner. That, and that alone, is the question sought to be raised by the amended petition.

The judgment of the probate court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAKER: I do not concur in this opinion upon either branch of the case.