Trumbull, J. This case was before the Court a year ago, and all the legal questions involved in it were then settled. 11 111., 61. The case was remanded, for the purpose of ascertaining the value of the rents and profits of the premises in question, and also of the improvement erected thereon; if it could be shown to be for the benefit of the estate, and to have been made in good faith. After an amendment of the pleadings in the Circuit Court, so as to present the question of the improvement, the case was referred to a master to state an account. The appellee filed exceptions to portions of the master’s report, which were overruled and the report approved. Whereupon a final decree was entered, from which an appeal has been taken by the defendants below, and in this Court, by consent, both parties have assigned errors. The appellants complain, that the Circuit Court erred in decreeing, that the appellee had the right to redeem the mortgaged premises, and in allowing him anything for the rents and profits of the Naples ferry. Both these questions were substantially settled when the case was here before. The first one was the very point then decided, and the Court has now no power, if it had the inclination, to reverse that decision. There is no mode provided by law, except it be upon a rehearing, whereby the final decision of a case in this Court can be reversed or set aside at a subsequent term. There must be an end of litigation somewhere, and there would be none if parties were at liberty, after a case had received the final determination of the Court of last resort, to litigate the same matter anew, and bring it again and again before the Court for its decision. Washington Bridge v. Stewart, 3 Howard, 413; Booth v. Commonwealth, 7 Metc., 286. Waiving, however, for the moment, the former decision establishing McOonnel’s right to redeem, which cannot now be legally-questioned, we will, for the sake of the counsel who has argued against this right with such evident sincerity, briefly re-state the grounds of that decision. The case has been treated as if it were a bill' to redeem, after foreclosure and sale of the mortgaged premises by the mortgagee. Such is not the fact. The sale made was set aside, and the decree reversed under which it was made. Before the time for making the sale under the last decree arrived, this bill was filed. The right of the mortgagor, or his grantee, to pay off the mortgage and redeem the premises, before the day arrives when by the decree the sale is to be made, cannot surely be questioned. The real question is, whether in redeeming, McConnel, under the peculiar circumstances of this case, has the right to claim, as a credit upon the mortgage, the value of the rents and profits of the mortgaged premises while in possession of the appellants. If he has that right, it is upon the ground alone, that he could not avail himself of it as a defence against the bill to foreclose. What are the facts ? In 1844 a decree is entered, that the mortgaged premises be sold. The sale takes place, and they are purchased by the assignee of the mortgagee; claiming under ■whom the appellants, in 1845, take possession of the mortgaged premises, including the Naples ferry, and continue to receive the rents and profits thereof till 1848, when the decree entered in 1844 is reversed, and the sale under it set aside by a decision of this Court. Manchester v. McKee, 4 Gil., 511. The Circuit Court to which the cause was remanded, without opening the case so as to afford McConnel, the grantee of the mortgagor and a defendant in that suit, an opportunity to present any defence that had arisen after 1844, when the case was set for hearing, entered another decree directing a sale of the mortgaged premises, in default of the payment of the sum due in ninety days, consequently it was out of McConnel’s power to show in that case, that the present appellants, who are the assignees of the mortgagee, had been in possession of the mortgaged premises (receiving the rents and profits) from 1845 to 1848, and that thereby the mortgage had, in fact, been paid. No such defence existed in 1844, when the case was set for hearing, and the decree then entered was never afterwards opened, so as to allow McConnel to interpose it. Why then should he not be allowed, at any time before the decree of 1848 was carried into effect, to show that circumstances had occurred, after the case was set for hearing, that amounted to a discharge of the sum for which the decree was rendered ? Admitting the allegations of his bill to be true—and McConnel certainly had rights—how, under the peculiar circumstances of this case, was he to avail himself of them, except by filing a new bill—not as has been alleged for the purpose of undermining or setting aside a former decree, but for the purpose of bringing before the Court facts that arose after the former case was heard, and showing that the amount due by the decree then entered, had been partly or wholly paid ? From the necessity of the case he must have had the right to file such a bill. The appellants next object, that they are improperly charged with the rents and profits of the Naples ferry, because, as they say, it constitutes no part of the mortgaged premises. After both parties have all along, during this protracted controvery, treated the Naples ferry as appertaining to the mortgaged premises—the complainant alleging in his bill, that the defendants, claiming as purchasers under the mortgage, had taken possession of the land and ferry, and the defendants, in their answer, admitting the possession, and speaking of the ferry as appertaining to the mortgaged premises—-after this Court had acted upon this understanding of the parties in its former disposition of the case, it is now too late for the appellants to insist, for the first time, that the ferry constitutes no part of the premises which the appellee is seeking to redeem. No such objection was urged when the case was here before, nor was it then pretended that McConnel was not entitled to an account of the rents and profits of the ferry, in case he was permitted to redeem. In fact the very foundation of his case as it now stands, the appellants having been shown to be solvent, depends upon their receipt of the rents and profits of the ferry, which was the only income derived from the premises. The amount of waste, shown to have been committed by the appellants, is so small, being but twenty dollars, that it would not of itself justify the maintainance of a suit of this character, in reference to property so valuable. This Court, then, in deciding that McConnel had the right to redeem, necessarily passed upon the question of his right to claim the rents and profits derived from the ferry by the appellants, while in possession of the same, and we are not now at liberty to re-investigate that question. The appellee, in his assignment of errors, asks to have the decree modified in various respects. He complains, that appellants are. not charged with the rent of the ferry from 1843 instead of from 1845 ; that too small a sum, according to the evidence, was charged against them for the profits of the ferry, while they had possession; and, that they ought not to have been allowed at all for the warehouse. According to the former decision of this Court, the appellants were only chargeable with the rents and profits of the ferry from June, 1845, and that was manifestly the proper time from which they should have been charged, because that was the time when they took possession, under their purchase, from the assignee of the mortgage, and it is only because they got possession of the ferry by virtue of their claim of title, derived from the mortgagee, that they are to be charged with the rent of the ferry at all in this suit. It is difficult, or rather impossible, to determine from the evidence in the record, what the precise value of the ferry per annum has been since 1845. The testimony upon that point is contradictory, and some of it not very pertinent. Upon the whole, we are not prepared to say, that the master erred in his report upon that subject. The warehouse is shown by the evidence, to have been a judicious improvement, put upon the premises by the appellants in good faith, when they supposed that they were the owners of the land, and according to the previous decision of this Court they were properly allowed for its erection. The decree of the Circuit Court is affirmed. Decree affirmed,