## Levi Z. Leiter

## v.

## Marshall Field.

| | |
|---|---|
| 24 | 123, |
| 57 | 95 |
| 24 | 123 |
| 157s | 163 |
| 24 | 123 |
| 189s | 1347 |

*Practice—Cause Remanded by Supreme Court—Further Proceedings— Amendment to Bill—Tenant as New Party—Distinct Cause of Action.*

1.   Where the Supreme Court has disposed of every question between the parties to the record which was presented thereby, and has remanded the cause for further proceedings, the Circuit Court has nothing to do but to enter the decree directed by the Supreme Court.  It can not allow an amendment to the bill, which presents no new question as between the parties to the record.

2.   A complainant can not be compelled to add parties to his bill if he chooses to take the responsibility of their not being made parties.

3.   In the case presented, it is *held:*  That the decision of the Supreme Court having settled every question between the parties to the record, the complainant can not amend by making his tenant a party complainant, nor can he require the cross-complainant to make said tenant a party defendant to his cross-bill; and that the injury, if any, to the leasehold estate of the tenant, is distinct from that to the reversionary interest, and constitutes a distinct cause of action.

[Opinion filed December 7, 1887.]

Appeal from the Circuit Court of Cook County; the Hon. Cyrus Epler, Judge, presiding.

Messrs. Isham, Lincoln & Beale, for appellant.

Messrs. Melville W. Fuller and Williams & Thompson, for appellee.

MORAN, P. J.   Appellant filed his bill in the Circuit Court of Cook County, alleging that appellee had entered upon his premises and excavated the earth to a great depth, and erected on said premises a stone wall of great thickness, and that he claimed the right and threatened to further encroach on and invade appellant's premises, and praying an injunction to prevent such threatened encroachment.

Appellee answered the bill and filed a cross-bill which prayed that complainant be enjoined from interfering with the construction of said wall, or with the wall when constructed, and from prosecuting a certain ejectment suit relating to the premises which appellant had commenced.

On the hearing the Circuit Court granted the relief prayed by the complainant and dismissed the cross-bill, and the decree of the Circuit Court was affirmed by this court, and to the report of the case in 18 Ill. App. 155, reference is made for a full statement of the pleadings and matter in controversy, as it is not deemed necessary to state the same here at length.

The case was appealed to the Supreme Court, and by that court the judgment of this court and of the Circuit Court was reversed and relief ordered to appellee upon his cross-bill. Field v. Leiter, 118 Ill. 17.

The mandate of the Supreme Court remanded the cause to the Circuit Court of Cook County "for such other and further proceedings as to law and justice shall appertain, conforming to the opinion of this court herein filed."

The case was regularly re-docketed in the Circuit Court, and thereupon appellant moved the court for leave to amend the bill of complaint, so as to bring in as a party complainant, with proper allegations showing interest, the Chicago Board of Underwriters, a corporation who were in possession and occupancy of the premises in controversy under a lease, which was executed prior to the making of the contract which was construed by the Supreme Court to entitle appellee to enter upon the premises and erect the foundation and wall complained of in the original bill.

A motion was also made by appellant that appellee be required to amend his cross-bill so as to make the said Chicago

Board of Underwriters a party defendant to said cross-bill, and that the cause stand over until such amendment be made, but the court entered a decree overruling both said motions and dismissing the original bill for want of equity, and granting the relief prayed by the cross-bill of appellee.   It is now urged by appellant that the court erred in denying the leave to amend complainant's bill and in not requiring appellee to amend his cross-bill, and it is contended that the assertion by appellee of the right given to him by the decree entered upon the cross-bill necessarily involves an invasion of the previously acquired rights of appellant's tenants in the premises.

We are of opinion that all the rights of the parties to the record could be and were settled on the original pleadings by the judgment of the Supreme Court.

The entire controversy presented was determined, and the opinion of the Supreme Court declared the merits to be against appellant, and closed thus: "The original bill should have been dismissed, and the relief which it is indicated in the opinion defendant is entitled to, should have been decreed to him on this cross-bill.   The judgment of the Appellate and Circuit Courts will be reversed and the cause remanded to the Circuit Court for further proceedings conforming to this opinion."

This was an end of the matter as between appellant and appellee, and the Circuit Court had no power to permit any amendment to the bill by appellant which would re-state his case in any new aspect, or present any feature affecting his equity which he might have stated, but failed to state in his original bill.   In the original bill the fact of the tenancy was stated, and so far as the existence of the tenancy modified the rights of appellant or appellee, the Supreme Court must be held to have regarded that fact as well as all others in the record.

The offered amendment would present no new question as between appellant and appellee, and as every question between them presented by the record was disposed of, there was nothing for the Circuit Court to do but to enter the decree as directed by the Supreme Court.   Wadhams v. Gay, 83 Ill. 250; Newberry v. Blatchford, 106 Ill. 584.

The equity sought to be asserted by the amendment to the bill is the equity, not of appellant, but of his tenant; but the decree entered can not affect the rights of the tenant, for no one not made a party and not a privy to the suit will be bound by the judgment or decree rendered therein. It may be if the tenant applied to the court and asked to become a party that he would be so admitted, but his equities, if any he has, are to be asserted by himself and not by appellant.

The objection for want of parties defendant to cross-bill is not well taken. A complainant can not be compelled to add parties to his bill if he chooses to take the responsibility of their not being made parties. Searles v. Jacksonville R. R. Co., 2 Woods' C. C. 621.

The rights of the tenant are not such as must be ascertained and settled before the rights of the parties before the court could be determined. The injury, if any, to the leasehold estate of the tenant, is distinct from that to the reversionary interest of appellant, and constitutes a distinct cause of action.

The course pursued by the Circuit Court, in overruling the motions to amend the bill and cross-bill and granting the relief upon the cross-bill indicated in the opinion of the Supreme Court, was free from error, and the decree will, therefore, be affirmed.

*Decree affirmed.*