### THE CITY OF CHICAGO

*v.*

### SAMUEL GREGSTEN *et al.*

*Filed at Ottawa May 15, 1895.—Rehearing denied October 16, 1895.*

PRACTICE—*effect of remanding order on further proceedings in trial court.* On appeal from a decree upon the merits, where the appellate tribunal also passes upon the merits and remands "for further proceedings not inconsistent with the opinion," the trial court should refuse leave to re-open by filing supplemental pleadings, and should render the final decree indicated.

BAILEY and BAKER, JJ., dissenting.

*City of Chicago v. Gregsten*, 57 Ill. App. 94, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOS. G. WINDES, Judge, presiding.

September 29, 1890, the appellees, Samuel Gregsten and Andrew Cummings, filed a bill of complaint in this cause, praying that the city of Chicago and the commissioner of public works be restrained from ejecting them from the vault or space underneath the alley in the rear of the premises occupied by said appellees, fronting on Dearborn street, Chicago. The bill of complaint was afterwards amended, by leave of court. Preliminary injunction was granted as prayed in said bill. On October 21, 1890, the city of Chicago filed its answer to the bill of complaint, and on January 9, 1891, moved the court for dissolution of the injunction theretofore granted. The certificate of evidence signed and sealed by the court and incorporated into the record shows the following proceedings in the cause after the motion was entered to dissolve the injunction:

"Be it remembered and certified, that the above entitled cause coming on to be heard on motion of defendant to dissolve injunction, it was agreed and stipulated between parties that said cause should immediately be set down for hearing upon the bill and the answer thereto, and the amendment to said bill, and the answer to stand as an answer to said amendment and the replication to said answer, and also as well as the affidavits of Samuel Gregsten."

In addition to the foregoing, the certificate of evidence shows that affidavits on the part of complainants were introduced in evidence, and also a certain bond executed by them to the city of Chicago, and on behalf of the defendant affidavits of William R. Purdy and Adolph M. Hirsch were read in evidence. The record of the court also shows that the cause came on to be heard on the pleadings. On the hearing the court found the issues for the defendant, and entered a decree dissolving the injunction and dismissing the bill for want of equity, at the costs of the complainants. Upon appeal to the Appellate Court the decree of the circuit court was affirmed.

Thereupon an appeal was taken to this court, and on a consideration of the cause the decree of the circuit court was reversed and the cause remanded "to the circuit court for further proceedings not inconsistent" with the opinion of the Supreme Court. A remanding order having been filed in the circuit court, appellees entered a motion for a final decree in their favor, in conformity to the opinion of this court, and the appellant entered a cross-motion for leave to file a supplemental answer. The court allowed the motion of appellees and denied the motion of appellant. A final decree having been entered, the appellant appealed to the Appellate Court, where the decree of the circuit court was affirmed, and this further appeal has been prosecuted.

CONDEE & ROSE, for appellant:

The trial court erred in entering decree without a hearing on the merits after the case was re-docketed. *Chickering* v. *Failes*, 29 Ill. 294; *Cable* v. *Ellis*, 120 id. 139; *Perry* v. *Burton*, 126 id. 599; Freeman on Judgments, sec. 481.

KNIGHT & BROWN, for appellees:

There must be an end of litigation somewhere, and there would be none if parties were at liberty, after a case had received the final determination of the court of last resort, to litigate the same matter anew, and bring it again and again before the court for its decision. *Washington Bridge* v. *Stewart*, 3 How. 413; *Wadhams* v. *Gay*, 83 Ill. 250; *Booth* v. *Commonwealth*, 7 Metc. 286; *Leiter* v. *Field*, 24 Ill. App. 123; *Hollowbush* v. *McConnel*, 12 Ill. 202; *Skillern's Exrs.* v. *May's Exrs.* 6 Cranch, 267; *Ex parte Story*, 12 Pet. 339; *Ex parte Jibbers*, id. 52; *United States* v. *Fremont*, 12 How. 30; *Soule* v. *Dawes*, 14 Cal. 247.

The same is the doctrine of the English courts. *Black* v. *Cobaugh*, 9 Sim. 411; *Gartside* v. *Asherwood*, 2 Dick. 612.

To the same effect are cases in this court. *Ogden* v. *Larrabee*, 70 Ill. 510; *Boggs* v. *Willard*, id. 315.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Under the facts, as they appear from the foregoing statement, the only question presented by the record is whether the appellant, after the cause was remanded to the circuit court, was entitled to put in a new answer and thus open up the cause for another hearing, or was the court justified in entering a final decree in harmony with the opinion of this court.

It will be observed that when the cause was first submitted to the circuit court, the question determined was not merely that the injunction should be dissolved, but there was a hearing on the pleadings and affidavits, which were treated by the parties as evidence, on the merits, and a decree entered dismissing the bill. When the case reached this court on appeal, it was here considered and decided on the merits, and every question involved was fully considered and decided, as shown by the opinion of the court. The order, therefore, reversing the decree of the circuit court and judgment of the Appellate Court, and remanding "for further proceedings not inconsistent with the opinion," in connection with the opinion, in our judgment was a clear direction to the circuit court to enter a decree for the complainants upon the filing of the remanding order in that court, and the course pursued by the circuit court in refusing defendant's application to re-open the cause, and rendering final decree, is sustained by the following authorities: *Hollowbush* v. *McConnel*, 12 Ill. 203; *Wadhams* v. *Gay*, 83 id. 250; *Newberry* v. *Blatchford*, 106 id. 584; *Hook* v. *Richeson*, 115 id. 431; *Gage* v. *Bailey*, 119 id. 539; *Sanders* v. *Peck*, 131 id. 407; *Buck* v. *Buck*, 119 id. 613; *Leiter* v. *Field*, 24 Ill. App. 123.

In *Wadhams* v. *Gay*, where a decree was reversed and the cause remanded for further proceedings in conformity with the opinion, it was held to be error to allow the bill to be dismissed without prejudice. The court, among other things, said (p. 252): "Here is a peremptory order for such proceedings, and such only, as shall be in conformity with

the opinion filed.   On the receipt of this mandate it was the duty of the Superior Court to examine the opinion and conform its action to it.   An examination of the opinion would have informed the court that the merits of the controversy had been fully considered, that there had been a decision upon the merits, and the conclusion reached that the complainants, the appellees here, had no equities, and their claim to relief wholly groundless.   The court would have seen that every question raised and argued by the parties to the bill had been fully met and decided by this court against the complainants.   The whole merits were tried, discussed and decided."

In *Newberry* v. *Blatchford, supra,* it is said (p. 593): "The rule governing the practice in such cases seems to be as well settled in *Wadhams* v. *Gay* as any rule can be.   It is, as stated in that case : where a cause in chancery has been determined by a court of last resort upon its merits, the court finding there is no equity in the bill, and the cause is remanded for further proceedings in conformity with its opinion, it is the duty of the court, on receiving the mandate of the Supreme Court, to dismiss the bill for want of equity, that there may be an end to the matter in litigation."   In *Sanders* v. *Peck, supra,* it was held that where the court decides the rights of the several parties upon the merits, and reverses the decree and remands the cause for proceedings in conformity to the opinion rendered, there is nothing for the trial court to do but to carry into complete effect the decision of this court.   The same doctrine is laid down in the other cases cited, but we do not regard it necessary to quote from them.

Under the remanding order it was the plain duty of the circuit court to enter a decree for the complainants, as indicated in the opinion of the court.   That was done by the circuit court, and its decree will be affirmed.

*Decree affirmed.*

BAILEY and BAKER, JJ., dissenting.