JOHN BLACKABY

*v.*

JULIA P. BLACKABY *et al.*

*Opinion filed April 17, 1900.*

1. ADVERSE POSSESSION—*what necessary in order that possession by co-tenant be adverse to other.* In order that the possession of one co-tenant may be held to be adverse to the other's rights, there must have been some overt act by the former sufficient to constitute an ouster of the latter.

2. SAME—*what not sufficient to constitute adverse possession by co-tenant.* One who, with knowledge of the rights of his co-tenant, pays the taxes upon the land, makes improvements and takes entire control of the property, does not by such acts become the owner of the whole property, though such control be continued for twenty years.

3. ACCOUNTING—*co-tenant entitled to credit for taxes and improvements.* Upon a bill by the heirs of one co-tenant against the other for partition and for an accounting for rents and profits, the defendant is entitled to an accounting for the taxes paid and improvements made by him upon the land.

4. PRACTICE—*when case should be referred to master to state account.* Upon decreeing partition in favor of the heirs of one co-tenant against the other, who has paid all the taxes upon the land and made all the improvements, the court should not attempt to set off the defendant's claims for such items against the complainant's claim for rents and profits, but should refer the matter to the master to state the account between the parties.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding.

This was a bill in chancery filed by the defendants in error, as the widow and devisees of Inmon Blackaby, deceased, against John Blackaby, plaintiff in error, for the partition of certain premises and for an accounting of the rents, issues and profits therefrom.

In 1863 Inmon Blackaby, Robert Blackaby and John Blackaby, brothers, became the owners, by purchase, of one hundred and sixty acres of land in Fulton county, as tenants in common. At that time John Blackaby went into possession of the premises and remained in the actual, visible, exclusive and continuous possession thereof from that time to the present. In 1867 he purchased the undivided third owned by his brother Robert. During his occupany he has paid all the taxes assessed against the land, and has built a house, barn, fences and other improvements, costing from $6000 to $8000, but has paid no rent for the share not owned by him. In 1877 he conveyed to a third party one-half acre out of the north-west corner of the quarter section, by warranty deed.

To the bill plaintiff in error pleaded both the five and twenty year statutes of limitation, and also answered setting up twenty years' adverse possession in himself, and denying that Inmon Blackaby, at the time of his death, was seized in fee of any part of the premises, or that defendants in error have any interest in the rents and profits, and setting up the improvements made by him and payment of taxes. Replication was filed and the cause heard by the circuit court and a decree rendered granting the partition as prayed, and, without any statement of the account, finding that plaintiff in error, by improvements placed on the premises and by payment of taxes, had paid the rents and profits which would otherwise have been due on the share of Inmon Blackaby. To reverse that decree this writ of error is prosecuted.

A. M. BARNETT, and M. P. RICE, for plaintiff in error.

P. W. GALLAGHER, and D. ABBOTT, for defendants in error

Mr. JUSTICE WILKIN delivered the opinion of the court:

The chief contention of plaintiff in error is, that he acquired title to the whole of the premises in question by more than twenty years' open, exclusive, continuous and adverse possession of the same, under the twenty year statute of limitations. It is admitted that he has been in the actual, open possession of the land from the date of the original purchase by himself and brothers, but it is denied that his possession has been adverse to his co-tenant, Inmon Blackaby, so as to bar him, and those claiming under him, of their rights in the premises.

In the case of *McMahill* v. *Torrence*, 163 Ill. 277, we said (p. 281): "Possession by him (a co-tenant) and payment of taxes, however long continued, would not constitute a bar under the statute, as one tenant in common cannot set up the statutory bar against his co-tenant. The reason of this rule is, that the possession of one tenant, in contemplation of law, is the possession of the others; and this is especially so where all the parties derive title from the same deed or from the same ancestor. The possession of one co-tenant will not be adverse to the other where there is a mere possession of the premises and an appropriation of the rents. Something more is required. It is not sufficient that he continues to occupy the premises and appropriates to himself the exclusive rents and profits, makes slight repairs and improvements on the lands and pays the taxes, for all this may be consistent with the continued recognition of the rights of his co-tenants. To constitute a disseizin there must be outward acts of exclusive ownership of an unequivocal character, overt and notorious, and of such a nature as by their own import to impart information and give notice to the co-

tenants that an adverse possession and an actual disseizin are intended to be asserted against them."

There is no exception to the rule thus stated. In the case at bar, at the time John Blackaby went into possession of the premises his possession was also the possession of Inmon Blackaby, and unless there has been some overt act on his part sufficient to constitute an ouster of the co-tenant his contention of adverse possession can not be sustained. The evidence may be conceded to be conflicting on that point. The chancellor heard the witnesses testify, and had opportunity to observe their demeanor and to judge of their character for veracity, and found the issue adversely to plaintiff in error, and we are not prepared to say that finding was erroneous. To have justified a decree in his favor the proof of the ouster of his co-tenants should have been clear and convincing. While it is true that plaintiff in error paid the taxes on the land, spent his money in making valuable improvements thereon and had entire control and exclusive possession of the same during these years, yet he did so knowing his brother, as his co-tenant, owned a one-third interest therein. He may rightfully claim against him, or his heirs, compensation by way of an accounting for such taxes and improvements, himself accounting for rents and profits; but he cannot, by the acts shown, become the owner of the whole of the land.

The circuit court erroneously attempted to dispose of the question of accounting between the parties by offsetting the claims of one against those of the other, instead of referring the matter to the master to state the account, and for that error the cause must be remanded to the circuit court, with directions to proceed in conformity to the views herein expressed.

*Reversed and remanded.*