## JOHN BLACKABY

*v.*

## JULIA P. BLACKABY *et al.*

*Opinion filed February 20, 1901.*

PRACTICE—*when court properly refuses to re-open question of owner-ship of land on remandment.* Where, on appeal in partition, the Supreme Court fully considers the question of ownership of the land without disturbing the decree upon that branch of the case, but reverses the decree as to the question of accounting and re-mands the cause with directions to proceed in conformity with the views expressed in the opinion, it is proper for the lower court, upon re-instatement, to confine the testimony to the question of accounting and to refuse to re-open the case as to ownership.

APPEAL from the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding.

H. W. MASTERS, and LUCIEN GRAY, for appellant.

P. W. GALLAGHER, and D. ABBOTT, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in chancery filed in the circuit court of Fulton county by the appellees, as the widow and devi-sees of Inmon Blackaby, deceased, against John Black-aby, the appellant, for the partition of certain premises and for an accounting of the rents, issues and profits therefrom. In 1863 Inmon Blackaby, Robert Blackaby and John Blackaby, brothers, became the owners, by purchase, of the premises as tenants in common. John Blackaby went into possession of the premises, and re-mained in the actual, visible, exclusive and continuous possession thereof from the time of the purchase until the bringing of this suit. In 1867 he purchased the un-divided third owned by Robert Blackaby. During his occupancy he paid all taxes assessed against the land, and erected improvements thereon costing from $6000 to

$8000, but paid no rent for the third not owned by him. The appellant pleaded the Statute of Limitations, and also answered, setting up twenty years' possession in himself, and denying that Inmon Blackaby, at the time of his death, was seized in fee of any part of the premises or that the appellees have any interest in the lands and rents and profits arising therefrom, and setting up the improvements made by him and payment of taxes. Replication was filed and the cause was heard by the court and a decree rendered granting the partition as prayed, without an accounting; finding that appellant, by improvements placed upon the premises and by the payment of taxes, had paid the rents and profits which would otherwise have been due on the share of Inmon Blackaby. The appellant sued out a writ of error from this court to the circuit court to review said decree. At the April term, 1900, of this court, the decree of the circuit court was reversed and the cause remanded. (*Blackaby* v. *Blackaby*, 185 Ill. 94.) At the May term, 1900, the mandate of this court was filed in the circuit court, and the cause re-docketed and referred to the master in chancery to take evidence upon the question of rents, profits, improvements and taxes, and to report with his conclusions. At the September. term, 1900, the master filed his report, which was approved, whereupon the appellant moved the court to again refer the cause to the master in chancery to take, hear and report the testimony as to declarations of the appellant, made twenty years and more before the filing of the bill of complaint, as to his claim of ownership of the land sought to be partitioned, or, in lieu of such order of reference, that the court hear in open court such testimony in connection with all the other evidence heretofore taken upon that branch of the case, and that the court hold that the order of this court reversing and remanding this cause re-opened the same for all purposes, and that either party to said suit be allowed to offer any and all proofs and testimony com-

petent to have been heard originally in the case. The court overruled the motion and decreed that the appellant was the owner of the undivided two-thirds part and the appellees the owners of the undivided one-third part of said premises, and appointed commissioners to make partition of said premises between the parties according to their respective rights, as determined by said decree. The appellant excepted thereto and has prosecuted this appeal, and insists that the disposition of the case was contrary to the order and mandate of this court.

.The mandate is as follows: "The court having diligently examined and inspected as well the record and proceedings aforesaid as the matters and things therein assigned for error, and being now sufficiently advised of and concerning the premises, are of opinion that in the record and proceedings aforesaid and in the rendition of the decree aforesaid there is manifest error: Therefore, it is considered by the court that for that error, and others in the record and proceedings aforesaid, the decree of the circuit court in this behalf rendered be reversed, annulled, set aside and wholly for nothing esteemed, and that this case be remanded to the circuit court, with directions to proceed in accordance with the views expressed in the opinion filed in this cause."

In the opinion filed, on page 97 it is said: "In the case at bar, at the time John Blackaby went into possession of the premises his possession was also the possession of Inmon Blackaby, and unless there has been some overt act on his part sufficient to constitute an ouster of the co-tenant his contention of adverse possession cannot be sustained. The evidence may be conceded to be conflicting on that point. The chancellor heard the witnesses testify and had opportunity to observe their demeanor and to judge of their character for veracity, and found the issue adversely to plaintiff in error, and we are not prepared to say that finding was erroneous. To have justified a decree in his favor the proof of the ouster of

his co-tenants should have been clear and convincing. While it is true that plaintiff in error paid the taxes on the land, spent his money in making valuable improvements thereon and had entire control and exclusive possession of the same during these years, yet he did so knowing his brother, as his co-tenant, owned a one-third interest therein. He may rightfully claim against him, or his heirs, compensation by way of an accounting for such taxes and improvements, himself accounting for rents and profits, but he cannot, by the acts shown, become the owner of the whole of the land. The circuit court erroneously attempted to dispose of the question of accounting between the parties by off-setting the claims of one against those of the other, instead of referring the matter to the master to state the account, and for that error the cause must be remanded to the circuit court, with directions to proceed in conformity to the views herein expressed."

It clearly appears that the question of the ownership of the land was fully considered and disposed of upon its merits by this court, and while the case was reversed upon the question of an accounting as to rents, profits, taxes and improvements, the finding of the lower court was not disturbed as to the question of the ownership of the land. That the trial court, in disposing of the case, proceeded in conformity to the views expressed in the opinion, and properly refused to re-open the case as to the question of the ownership of the land, we have no doubt.

In *Washburn & Moen Manf. Co.* v. *Chicago Galvanized Wire Fence Co.* 119 Ill. 30, we say (p. 35): "Since the direction that one part of a decree be modified is, by necessary inference, an approval of that part omitted from that direction, the substantial rights of the parties to the decree are not perceptibly different from what they would be were it expressly ordered, in the formal entry upon the record, that such omitted part of the decree is affirmed.

No statute requires that the specific modification directed shall be embodied in the formal order of court entered of record by the clerk of this court, and it is conformable with our practice, and sufficient, if the modification be specifically directed in the written opinion of the court filed in the case. And so it is held that it is the duty of the lower court to examine the opinion and conform its action to it."

In *Wadhams* v. *Gay*, 83 Ill. 250, on page 253 it is said: "On the receipt of the mandate and opinion the superior court was bound to carry into complete effect the decision of this court not to re-try the cause or place the complainants, the appellees, in a position by which the cause might be re-tried. * * * When a case has received full consideration in this court, and the merits fully explored, discussed and settled, and the cause remanded for further proceedings in conformity to the expressed views and opinion of this court, there can be no power remaining in the court to which the opinion and mandate are sent, to re-try the cause or do any other matter or thing in the cause but to obey the mandate. The opinion of this court was on the merits. They had been declared by this court against the complainants. The mandate required of the superior court the execution of the decree of this court,—not a re-trial of the cause or the entry of any order which might have that effect, and which, unquestionably, was the design of the party asking such an order."

In *Buck* v. *Buck*, 119 Ill. 613, on page 616 the court said: "This court has repeatedly held, that where a chancery cause is decided in this court upon the merits, the opinion finding there is no equity in complainant's bill, and the cause is remanded for further proceedings in conformity with the opinion, it is the duty of the court below to dismiss the bill for want of equity,—that such order, in such case, is equivalent to a specific direction to so dismiss the bill."

In *City of Chicago* v. *Gregsten*, 157 Ill. 160, the court say (p. 163): "The order, therefore, reversing the decree of the circuit court and judgment of the Appellate Court, and remanding 'for further proceedings not inconsistent with the opinion,' in connection with the opinion, in our judgment was a clear direction to the circuit court to enter a decree for the complainants upon the filing of the remanding order in that court, and the course pursued by the circuit court in refusing defendant's application to re-open the cause and rendering final decree is sustained by the following authorities: *Hollowbush* v. *McConnel*, 12 Ill. 203; *Wadhams* v. *Gay*, 83 id. 250; *Gage* v. *Bailey*, 119 id. 539; *Newberry* v. *Blatchford*, 106 id. 584; *Sanders* v. *Peck*, 131 id. 407; *Hook* v. *Richeson*, 115 id. 431; *Buck* v. *Buck*, 119 id. 613; *Leiter* v. *Field*, 24 Ill. App. 123."

In *Lynn* v. *Lynn*, 160 Ill. 307, on page 317 it was said by the court: "It will be observed that this court, in the decision of the case, passed on all the questions there involved, and upon an examination of the amended petition it will be found that the new matters attempted to be litigated were all in existence when the first hearing was had in the probate court. If the deed to Gardner was obtained by undue influence or fraud, that could have been proven on the first hearing; or if the title conveyed or attempted to be conveyed by that deed was barred by any statute of limitations, that was a matter which could have been proven on the first trial. Indeed, we find nothing attempted to be set up on the last hearing which the administratrix could not have brought up on the first."

The reason of the rule above announced is thus stated in the case of *Hollowbush* v. *McConnel*, 12 Ill. 203 (p. 204): "There must be an end of litigation somewhere, and there would be none if parties were at liberty, after a case had received the final determination of the court of last resort, to litigate the same matter anew and bring it again and again before the court for its decision."

The opinion of this court as to the ownership of the land was on the merits. The mandate required the circuit court "to proceed in conformity to the views herein expressed,"—not to re-try the cause or to enter a new order which might have that effect. The decree entered by the circuit court was in conformity with the mandate and opinion, and will therefore be affirmed.

*Decree affirmed.*