## South Chicago Brewing Company v. Esther E. Taylor.

### Gen. No. 12,212.

1. REMANDMENT—*power of court over chancery cause after.* After remandment with specific directions wherein to amend the decree reversed, the court is without power to change such decree in any other respect.

2. CHANCERY CALENDAR—*when cause need not be placed upon.* Where a cause is remanded with specific directions to amend the decree, the cause upon reinstatement is not one for hearing in the ordinary sense and need not be placed upon the chancery calendar.

Proceeding under Burnt Records Act. Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed Opinion filed May 8, 1906.

ALLAN C. and F. W. STORY, for plaintiff in error.

H. W. McEWEN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The petition in this case was filed by defendant in error and another against a large number of defendants, one of whom was plaintiff in error, but we may, for the purposes of this writ of error, consider the case as one in which defendant in error, alone, filed her petition under the Burnt Records Act, against plaintiff in error, to restore records, etc., and confirm the title of petitioner to a certain tract of land in Cook county, to which defendant claimed title under a tax deed. The court by a decree, from which an appeal was prosecuted to the Supreme

South Chicago Brewing Co. v. Taylor.

Court by the present plaintiff in error, found that the tax deed under which the defendant claimed title, was invalid, and that the same should be set aside upon the payment by petitioner to defendant of the amount of the tax sale under which said tax deed was issued, and all subsequent taxes paid on said land by defendant with interest thereon, and that the amount of such tax sale and taxes paid, with interest up to February 25, 1903, the date of the decree appealed from, amounted to $900. The court further found that the costs in the case amounted to $1,945, of which $1,942 had been paid by petitioner and $3 by defendant, and decreed that the defendant should pay four-fifths of the costs and petitioner one-fifth; that the balance of costs due from defendant, after deducting the $3 paid by defendant and the $900 so adjudged to be due from petitioner to defendant, was $653. The decree established the title of petitioner and decreed that petitioner recover said balance of $653, costs from defendant, and have execution therefor. The Supreme Court decided that all the costs should have been paid by petitioner (appellee). The opinion concludes as follows:

"The decree of the Superior Court is affirmed, except so far as it requires appellant to pay costs and sets off moneys due it against such costs, and the cause is remanded to that court with directions to amend the decree so as to require the payment of all costs by appellee and the payment to appellant of the amount due for taxes and interest." 205 Ill. 132.

The concluding words of the judgment of the Supreme Court after the formal adjudication, that in the record, etc., there is error, etc., are as follows:

"Therefore, it is considered by the court that for that error and others in the record and proceedings aforesaid, the decree of the Superior Court in this behalf rendered be reversed, annulled, set aside and wholly for nothing esteemed, in so far as it requires appellant to pay costs and sets off moneys due it against such costs, and in all other things the said decree is affirmed, and this is remanded to

the Superior Court of Cook County with directions to amend the decree, so as to require the payment of the amount due for taxes and interest to appellant."

A certified copy of the opinion and judgment was filed in the Superior Court, upon proper notice, and the cause was redocketed in that court February 20, 1904. May 16th, petitioner, upon notice to the defendant, moved that the decree from which said appeal was prosecuted be amended in accordance with the judgment of the Supreme Court. The defendant insisted that the cause be set down for hearing in the manner provided by the rules of the Superior Court for placing chancery causes on a trial calendar and for the calling of causes on that calendar for hearing; but the court overruled the objections of the defendant. Petitioner then presented to the court the transcript of the opinion and judgment of the Supreme Court and the defendant offered to read the evidence in the record and offered further evidence to show that the amount due the defendant for taxes paid on said lands with interest thereon up to March 21, 1904, was $4,068.70, and the court refused to hear such evidence. Defendant also insisted that the costs in the cause should then be taxed by the clerk in order that defendant might, upon affidavits to be filed, have the witness fees and mileage of witnesses who had testified for defendant at the former hearing taxed as a part of defendant's costs, but the court overruled said objections and entered an order that the decree entered February 26, 1903, "be amended and modified so as to require the petitioner herein to pay the master's fee and the appearance fee of the appellant, and that she shall pay the amount of tax payments and interest thereon adjudged to the South Chicago Brewing Company by the former decree without any off-sets whatsoever.

And it appearing to the court that petitioner has paid the costs enumerated in the former decree, except appearance fee of said Brewing Company of three dollars ($3.00); and it further appearing to the court that the amount for tax payments and interest of $900, specified in the former

decree as being due said Brewing Company, now amounts with interest to the sum of $987; and the said petitioner now brings into open court and tenders to the solicitors for the said Brewing Company the sum of $990 in full payment for said taxes, interest and costs, and, the same being declined by them, the said petitioner pays the said sum to the clerk of this court for the use of the said South Chicago Brewing Company to be paid out to it upon its order or the order of its solicitors of record herein.

The court doth now order, adjudge and decree that the relief granted to the petitioner under said former decree of February 26, 1903, is hereby declared to be absolute, and the conditions of said decree fully complied with by said petitioner, and that petitioner is entitled to possession of said premises as specified and provided for in said decree."

The amount of taxes paid upon the land in question by plaintiff in error and those under whom it claimed and the amount of the costs in the case were found and adjudicated in and by the decree from which the former appeal was prosecuted. Those adjudications are not affected by the judgment of reversal. The decree was not by that judgment reversed or vacated. The judgment in terms states, that the decree be reversed, etc., " in so far as it requires appellant to pay costs, and sets off money due it against such costs, and in all other things is affirmed," and the cause was remanded with directions: " to amend the decree so as to require the payment of all costs by appellee and the payment of the amount due for taxes and interest to appellant."

The Superior Court was not authorized by the judgment of reversal to alter the decree except as provided in the judgment and properly refused to permit the proofs already taken to be read or new proofs to be offered. Blackaby v. Blackaby, 189 Ill. 342.

The court by the former decree had fixed the amount of defendant's costs and the application of defendant to have the clerk tax the costs was properly denied.

The cause when redocketed was not, under this judg-

ment of reversal, a cause for hearing by the court. It had been heard and determined and in order to amend and modify the decree in compliance with the directions of the Supreme Court, the chancellor was not required to place the cause upon the calendar of chancery causes set down for hearing.

The order and decree here sought to be reversed is in strict compliance with the directions of the Supreme Court contained in the judgment of reversal and will be affirmed.

*Affirmed.*