THOMAS NOBLE

*v.*

ELIZABETH TIPTON *et al.*

*Opinion filed October 23, 1906.*

1. APPEALS AND ERRORS—*duty of trial court where cause is re-manded with directions.* Where a decree is reversed by the Supreme Court and the cause remanded, with directions to proceed in conformity with the views expressed in the opinion, it is the duty of the trial court to examine the opinion and be governed by the views expressed therein in entering the decree.

2. SAME—*decision of questions on the merits is binding on trial court.* A determination by the Supreme Court of the questions involved, or any of them, upon the merits, is binding upon the trial court, and it has no power, on remandment, to permit amendment of the pleadings so as to change the issues involved and require a re-trial of the questions so determined.

3. SAME—*when trial court cannot permit amendment of pleadings.* Where the Supreme Court, on appeal, determined that the deed involved had not been delivered to appellant in the grantor's lifetime, the trial court, upon remandment, cannot permit the appellant to amend his pleadings so as to strike out all allegations to the effect that the deed had been delivered and insert in lieu thereof allegations that the deed was a testamentary disposition of the property involved.

4. SAME—*decision of a question against appellant, on appeal, is binding though the decree is reversed.* A determination by the Supreme Court, on appeal, against appellant, of one of the questions involved upon its merits, is *res judicata* and binding, notwithstanding the decree is reversed as to other questions.

APPEAL from the Circuit Court of Carroll county; the Hon. OSCAR E. HEARD, Judge, presiding.

C. L. HOSTETTER, for appellant.

RALPH E. EATON, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed on the 15th day of June, 1904, in the circuit court of Carroll county, by Elizabeth Tipton and Ada Ostandere, against the other sons and

daughters of John Noble, deceased, who died testate in said county on May 22, 1904, to set aside a deed bearing date August 24, 1897, from John Noble to his son Thomas Noble, purporting to convey to said Thomas Noble 503.56 acres of farm lands located in said county, on the ground said deed had not been delivered by said John Noble to Thomas Noble in the lifetime of said John Noble, and for the partition of said lands among the three sons and six daughters of said John Noble. Thomas Noble answered said bill and filed a cross-bill, in which cross-bill he alleged, as he had alleged in the answer filed by him to the original bill, that said deed, on the day of its date, was deposited with Joseph S. Miles, the cashier of the First National Bank of Mt. Carroll, by John Noble, to be delivered to him upon the death of John Noble, and that, relying upon the validity of said deed and his ownership of said lands, he had made large expenditures of money in improving said lands by the erection of buildings thereon, and that subsequent to the death of John Noble the deed had been delivered to him by said Joseph S. Miles and recorded in the office of the recorder of deeds of said Carroll county, and that by reason of such delivery the title to said premises vested in him, and asked the court to declare said deed was duly executed and delivered, and that by reason thereof the other sons and daughters of said John Noble were barred from claiming any interest in said lands. The complainants in the original bill and three of the other heirs answered the cross-bill, denying the delivery of the deed, and the other sons and daughters disclaimed or made default, and upon a hearing the court found that the deed was made and acknowledged but that it was never delivered, and entered a decree declaring the deed null and void for want of delivery, and ordered that said lands be partitioned among the sons and daughters of said John Noble, and that a credit of $3000 be allowed to Thomas Noble upon certain notes executed by him to John Noble, which were then held by him as executor of John

Noble, deceased, and which notes were for the re-payment of moneys which he had expended in improvements placed by him upon the said lands, and dismissed the cross-bill of Thomas Noble for want of equity. Thomas Noble prosecuted an appeal from that decree to this court, where it was determined (*Noble* v. *Tipton,* 219 Ill. 182,) the trial court properly held said deed was not delivered and rightfully ordered said lands partitioned among the sons and daughters of John Noble, deceased, but erred in allowing a credit of $3000 to Thomas Noble upon his said notes in payment and satisfaction of his claim for improvements placed by him on said lands, and that the court, instead of allowing said credit to Thomas Noble, should have provided in its decree that the portion of the lands upon which said improvements were situated, if practicable, in the division and allotment of said lands, should be set off and allotted to said Thomas Noble, and if a partition of said lands could not be made between the parties in interest so that Thomas Noble should receive the portion thereof upon which said improvements were situated, without manifest injury to the other parties in interest, that then and in that case Thomas Noble be reimbursed for the increased value of said lands caused by the improvements placed thereon by him, and the decree was reversed and the cause remanded to the circuit court for further proceedings in accordance with the views expressed in the opinion of this court filed in this cause upon said appeal. A certified copy of the mandate of this court was filed, and the' cause, upon notice, re-docketed in the circuit court, whereupon the solicitor for the complainants entered a motion in said cause that the circuit court enter a decree in accordance with the opinion and mandate of this court, and the solicitor for Thomas Noble entered a motion that Thomas Noble be permitted to withdraw from the files the deed from John Noble to Thomas Noble and also the promissory notes of Thomas Noble, and that Thomas Noble be allowed to file a supplemental answer showing that four of his brothers and

222—41

sisters, since the opinion of this court had been filed in said
cause, had conveyed to him all their interest in said lands,
and that said Thomas Noble be permitted to amend his an-
swer to the original bill, and his cross-bill, by striking out all
averments in said answer and cross-bill to the effect that said
deed from John Noble to Thomas Noble had been delivered
to said Thomas Noble, and by inserting in said answer and
cross-bill, in lieu of such averments, that said deed was a
testamentary disposition of said lands by said John Noble to
Thomas Noble, and asked the court to continue the hearing
of said cause until said deed could be admitted to probate as
the last will and testament of John Noble, deceased, in the
county court of Carroll county, whereupon the court permit-
ted Thomas Noble to withdraw said deed and promissory
notes from the files upon filing certified copies in lieu there-
of, also to file a supplemental answer showing that he had
acquired by quit-claim deed the interests of four of his
brothers and sisters in said lands since the decision of this
case in this court upon the former appeal, but denied him
leave to amend his answer to the original bill or his cross-
bill, and entered a decree finding that said John Noble died
seized of said lands; that the deed from John Noble pur-
porting to convey said premises to Thomas Noble was null
and void for want of delivery; that Elizabeth Tipton, Ada
Ostandere, Anna Herrington and Maggie Fickes were each
the owner of an undivided one-ninth part of said premises
exclusive of the value of the improvements placed thereon
by Thomas Noble, and that Thomas Noble was the owner
of an undivided five-ninths part of said premises including
the improvements placed thereon by him, and appointed com-
missioners to make partition of said premises between said
parties, and ordered that in the division and allotment of
said lands the commissioners set off and allot to Thomas
Noble, if the same could be done without manifest injury to
the rights of the parties in interest, the portion of said prem-
ises as and for his share upon which were located the barns,

corn-cribs, granaries, scale house and wind-mills erected thereon by him, from which decree Thomas Noble has again prosecuted an appeal to this court.

The main contention of the appellant as a ground of reversal on this appeal is, that the circuit court erred in refusing to permit him to amend his answer to the original bill, and his cross-bill, by striking out from said answer and cross-bill the averments therein contained that the deed from John Noble to him had been duly acknowledged and delivered and was a valid conveyance to him of said lands by his father, John Noble, and inserting therein, in place of said averments, that said deed was a testamentary disposition to him of said lands by said John Noble, and not a deed of conveyance to him of said lands, as he had averred in his answer to said original bill and in his cross-bill.

Upon the first trial of this cause the appellant, Thomas Noble, filed his answer to the original bill, and his cross-bill, upon the theory, and the case was tried by him upon the theory, that said deed bearing date August 24, 1897, was a valid deed of conveyance from his father to him of said lands. The issue made and tried at that time was, had said deed been delivered by John Noble to Thomas Noble in the lifetime of John Noble, so as to vest the title to said lands in Thomas Noble? The trial court held the deed was null and void for want of a delivery. When the case was here before it was said (p. 184) : "There was a hearing of the evidence, and the court entered a decree finding that the deed was made and acknowledged but that it was never delivered," and after an exhaustive discussion of the law and evidence involved in the decision of the case it was further said (p. 187) : "The deed did not operate as a conveyance of the property, and whether it must fail as a testamentary disposition of the farm is a question not involved under the pleadings in this case. * * * It is sufficient for the decision of this case that the deed was not delivered and did not take effect in the lifetime of the grantor." It is clear, therefore,

that when the case was here before the court had determined said deed had not been delivered, and when the case was re-instated in the court below that court was powerless to re-try that question, the only power remaining in that court being to carry into effect the finding of this court upon that question, and the fact that the decree was reversed upon other questions did not affect the binding force upon the court below of a finding of this court upon the question of delivery and its duty to enter a decree disposing of all questions in the case in favor of the complainants in the original bill, with the exception of the value of the improvements placed on said lands by Thomas Noble.

Among the latest expressions of this court upon the effect of a remanding order that the trial court "proceed in accordance with the views herein expressed," is that found on page 164 of the case of *In re Estate of Maher,* 210 Ill. 160, where it was said: "Where this court, in considering a cause, determines the issues and decides the questions involved upon their merits, and the case is reversed and re-manded, with directions 'to proceed in conformity with the views' expressed in the opinion, there is no power in the court below except to enter a final order or judgment, without a re-trial."

The case of *Blackaby* v. *Blackaby,* 189 Ill. 342, is very similar in its facts to the case at bar. That was a bill for partition and an accounting. A decree of partition was entered in accordance with the prayer of the bill, and the rents and profits were set off by the court in favor of a co-tenant who had been in possession of the premises, against the improvements made by said co-tenant, without the statement of an account by a master in chancery. The decree was reversed with directions "to proceed in conformity to the views herein expressed." (*Blackaby* v. *Blackaby,* 185 Ill. 94.) On the case being re-instated in the court below the defendant sought to re-try the question of title. While the decree had been reversed as an entirety, from an examina-

tion of the opinion filed in the case it appeared the holding of the trial court upon the question of title had been upheld by this court, and that this court only disagreed in its holdings with the lower court upon its method of stating the account, and the trial court declined to go into a re-trial of the question of title, which action was affirmed by this court.

In *City of Chicago* v. *Gregsten*, 157 Ill. 160, which was a bill for injunction, this court reversed the decree of the circuit court of Cook county and remanded the cause to that court for "further proceedings not inconsistent with this opinion." On the case being re-instated in the circuit court appellees entered a motion for a final decree in their favor in conformity to the opinion of this court, and the appellant entered a cross-motion for leave to file a supplemental answer. The court allowed the motion of appellees and denied the motion of appellant. This court, in affirming the action of the trial court, said (p. 163) : "It will be observed that when the cause was first submitted to the circuit court the question determined was not merely that the injunction should be dissolved, but there was a hearing on the pleadings and affidavits, which were treated by the parties as evidence, on the merits, and a decree entered dismissing the bill. When the case reached this court on appeal it was here considered and decided on the merits and every question involved was fully considered and decided, as shown by the opinion of the court. The order, therefore, reversing the decree of the circuit court and judgment of the Appellate Court and remanding 'for further proceedings not inconsistent with the opinion,' in connection with the opinion, in our judgment was a clear direction to the circuit court to enter a decree for the complainants upon the filing of the remanding order in that court, and the course pursued by the circuit court in refusing defendant's application to re-open the cause and rendering final decree is sustained by the following authorities : *Hollowbush* v. *McConnel*, 12 Ill. 203; *Wadhams* v. *Gay*, 83 id. 250; *Newberry* v. *Blatchford*, 106 id. 584; *Hook* v.

*Richeson,* 115 id. 431; *Gage* v. *Bailey,* 119 id. 539; *Sanders* v. *Peck,* 131 id. 407; *Buck* v. *Buck,* 119 id. 613."

In *Lynn* v. *Lynn,* 160 Ill. 307, which was a proceeding by an administratrix to sell real estate to pay debts, the decree of the lower court was reversed and the cause was remanded "for further proceedings consistent with this opinion." After the case was re-docketed in the probate court the administratrix asked leave to file an amended petition. On page 317 it was said: "Was it the duty of the court to permit an amended petition to be filed and enter upon another trial of the cause, or was it the duty of the court to enter a decree in conformity to the decision of this court, as was done, denying the application? It will be observed that this court, in the decision of the case, passed on all the questions there involved, and upon an examination of the amended petition it will be found that the new matters attempted to be litigated were all in existence when the first hearing was had in the probate court. If the deed to Gardner was obtained by undue influence or fraud, that could have been proven on the first hearing; or if the title conveyed or attempted to be conveyed by that deed was barred by any statute of limitations, that was a matter which could have been proven on the first trial. Indeed, we find nothing attempted to be set up on the last hearing which the administratrix could not have brought up on the first."

In *Washburn & Moen Manf. Co.* v. *Chicago Galvanized Wire Fence Co.* 119 Ill. 30, on page 35, it was said: "Since the direction that one part of a decree be modified is, by necessary inference, an approval of that part omitted from that direction, the substantial rights of the parties to the decree are not perceptibly different from what they would be were it expressly ordered, in the formal entry upon the record, that such omitted part of the decree is affirmed. No statute requires that the specific modification directed shall be embodied in the formal order of court entered of record by the clerk of this court, and it is conformably with our practice,

and sufficient, if the modification be specifically directed in
the written opinion of the court filed in the case. And so it
is held that it is the duty of the lower court to examine the
opinion and conform its action to it."

And in *Wadhams* v. *Gay*, 83 Ill. 250, on page 253, it
was said: "On the receipt of the mandate and opinion the
superior court was bound to carry into complete effect the
decision of this court not to re-try the cause or place the
complainants, the appellees, in a position by which the cause
might be re-tried. * * * When a case has received full
consideration in this court and the merits fully explored, dis-
cussed and settled and the cause remanded for further pro-
ceedings in conformity to the expressed views and opinion
of this court, there can be no power remaining in the court
to which the opinion and mandate are sent, to re-try the
cause or do any other matter or thing in the cause but to
obey the mandate. The opinion of this court was on the
merits. They had been declared by this court against the
complainants. The mandate required of the superior court
the execution of the decree of this court,—not a re-trial of
the cause or the entry of any order which might have that
effect, and which, unquestionably, was the design of the
party asking such an order."

In a case like this, where a cause is reversed by this court
and remanded to the trial court with directions to proceed in
conformity with the views of this court, it is clearly the duty
of the trial court to examine the opinion and be governed as
to the decree it will enter by the views expressed in the opin-
ion. If the questions involved in the appeal have been con-
sidered and determined by this court upon the merits, in
whole or in part, then it is the duty of the trial court to enter
a judgment or decree as to those questions in accordance
with the determination and decision of this court without a
re-trial, and it would be error under such circumstances to
permit the pleadings to be amended and thereby so change
the issues involved as to require a new trial upon the facts

before a final decree was entered. If, however, the questions involved, or any of them, are not decided upon their merits by this court, and the cause is reversed and remanded to the lower court with directions to proceed in conformity with the opinion of this court, then only the legal principles involved and which have been announced in its opinion by this court will control the lower court in its further consideration of the questions involved in the case which have not been determined on their merits in this court. The opinion of this court filed upon the first appeal was upon the question of the delivery of said deed upon the merits. The mandate of this court required the circuit court to proceed in accordance with the views expressed in that opinion, and upon the question of the delivery and validity of said deed it was the duty of the trial court to enter a decree holding said deed to be null and void, and not to re-try that question or to permit the appellant to so amend his pleadings as to prevent a decree upon that question and to cause a re-trial of the case upon a question not involved in the case on the first appeal.

Finding no reversible error in this record the decree of the circuit court will be affirmed.      *Decree affirmed.*