CLARA E. HUMPHREYS, Appellant, *vs.* SALLIE F. SAYER *et al.* Appellees.—ISAAC HORN, Appellant, *vs.* CLARA E. HUMPHREYS *et al.* Appellees.

*Opinion filed October 26, 1909.*

1. APPEALS AND ERRORS—*rule where a cause is remanded with general directions.* If the issues involved in a chancery proceeding are considered and disposed of by the Supreme Court on their merits and the decree reversed and the cause remanded, with directions to the trial court to proceed in conformity with the views expressed in the opinion, it is the duty of the trial court, upon the re-docketing of the case, to enter a decree in accordance with the determination of the Supreme Court without a re-trial, and it is error to permit the pleadings to be amended and thereby so change the issues as to require a new trial upon the facts before entering the final decree.

2. SAME—*when the original bill and cross-bill are properly dismissed on remandment.* Where a decree granting specific performance of a contract to convey land and establishing a lien in favor of a cross-complainant is reversed by the Supreme Court on the merits of the case upon the ground that the complainant was not entitled to the relief, or any part thereof, then sought by the bill and that the cross-bill for that reason necessarily failed, it is proper for the trial court, upon remandment of the cause under a direction to proceed in conformity with the views expressed in the opinion, to dismiss the original bill and cross-bill, and not permit the complainant to amend the bill so as to change the issues and seek a recovery upon other grounds.

VICKERS, J., dissenting.

APPEALS from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

J. C. & W. B. McBRIDE, and E. J. MILLER, for Clara E. Humphreys.

HARBAUGH & THOMPSON, for Isaac Horn.

JAMES A. CONNOLLY, W. H. RAGAN, A. J. FRYER, and GEORGE B. RHOADS, for Sallie F. Sayer *et al.*

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by Clara E. Humphreys against Polly A. Trower and others, in the circuit court of Moultrie county, to enforce the specific performance of a contract in writing signed by Polly A. Trower and X. B. Trower, whereby it was claimed that Polly A. Trower had agreed to convey to X. B. Trower a business house situated in Sullivan, Moultrie county, and a quarter-section of land in Edgar county and a quarter-section of land in Shelby county. Answers and replications were filed, and Isaac Horn, a judgment creditor of X. B. Trower, by leave of court intervened, and by way of cross-bill sought to enforce a lien against said real estate if the same should be decreed to Clara E. Humphreys, as the devisee of X. B. Trower. A hearing was had and a decree of specific performance was entered in favor of Clara E. Humphreys, and the judgment of Isaac Horn was established as a lien against said real estate. An appeal was prosecuted by Sallie F. Sayer and Sinia Norfolk and others to this court, and the decree was reversed and the cause remanded to the circuit court for further proceedings in accordance with the views expressed in the opinion filed by this court. (216 Ill. 426.) On the case being re-docketed Clara E. Humphreys abandoned the case made by her bill for specific performance of the contract claimed to be in force between her

242 — 6

mother-in-law, Polly A. Trower, and her deceased husband, X. B. Trower, and sought to amend her bill so as to recover, as devisee of X. B. Trower, deceased, the interest of her deceased husband in his deceased father's estate, and Horn sought to amend his cross-bill so as to enforce his judgment against the estate so sought to be recovered. The trial court, upon the motion of the appellees, struck the amended bill and cross-bill from the files and entered a decree dismissing the original bill of Clara E. Humphreys and the cross-bill of Horn for want of equity, and entered a decree in favor of appellees in bar of the action. Clara E. Humphreys and Isaac Horn have prosecuted separate appeals to this court to reverse said decree, and their appeals have been consolidated in this court.

When the case was here on the former trial this court considered and disposed of all the questions then involved, and held that Clara E. Humphreys was not entitled to a specific performance of the contract sued upon, and that as she was not entitled to the land sought to be recovered, the claim of Horn against said lands, as the judgment creditor of X. B. Trower, necessarily failed, so far as that suit was concerned. The question then arises upon this appeal, could Clara E. Humphreys abandon the claim made by her bill against Polly A. Trower for specific performance, and so amend her bill as to recover, as devisee of her deceased husband, her deceased husband's interest as devisee in his deceased father's estate?

In *Noble* v. *Tipton*, 222 Ill. 639, where many of the authorities in this State are cited and reviewed, it was held that when a case is reversed and the cause remanded by this court, with directions to the trial court to proceed in conformity with the views expressed by this court, if the questions involved in the appeal have been considered and disposed of by this court upon their merits it is the duty of the trial court, upon the case being re-docketed, to enter a decree in accordance with the determination and decree

of this court and without a re-trial of the cause, and that it would be error to permit the pleadings to be amended and thereby so change the issues as to require a new trial upon the facts before a final decree was entered.

This court, on the former hearing, disposed of every question involved in the case as it was presented to the trial court and as it was presented to this court upon that appeal, and held that Clara E. Humphreys was not entitled to the relief, or any part thereof, which she then sought by her bill, and remanded the cause, with directions to the trial court to proceed in accordance with the views expressed in the opinion then filed. Upon the cause being re-docketed Clara E. Humphreys and Isaac Horn could not so amend their pleadings as to make a new case and require the trial court to try the case so made and deprive thereby appellants in that case of the benefit of the judgment in their favor. In *In re Estate of Maher,* 210 Ill. 160, it was said (p. 164): "Where this court, in considering a cause, determines the issues and decides the questions involved upon their merits, and the case is reversed and remanded, with directions 'to proceed in conformity with the views' expressed in the opinion, there is no power in the court below except to enter a final order or judgment, without a re-trial." To the same effect are *Hollowbush* v. *Mc-Connel,* 12 Ill. 203; *Wadhams* v. *Gay,* 83 id. 250; *Newberry* v. *Blatchford,* 106 id. 584; *Hook* v. *Richeson,* 115 id. 431; *Gage* v. *Bailey,* 119 id. 539; *Buck* v. *Buck,* id. 613; *Sanders* v. *Peck,* 131 id. 407; *City of Chicago* v. *Gregsten,* 157 id. 160; *Lynn* v. *Lynn,* 160 id. 307; *Blackaby* v. *Blackaby,* 189 id. 342.

Finding no reversible error in this record the decree of the circuit court will be affirmed.          *Decree affirmed.*

Mr. JUSTICE VICKERS, dissenting.